STATE *ex rel.* DARRELL L. LEMLEY

*v.*

VIRGINIA L. ROBERTS, *Commissioner, etc.*

(No. 14295)

Decided December 18, 1979.

*William L. Jacobs*, for appellant.

*Chauncey H. Browning*, Attorney General, *Richard E. Hardison*, Deputy Attorney General, for appellee.

PER CURIAM:

This appeal was docketed on October 2, 1978 and came on for final argument on November 20, 1979. It is an appeal from a final judgment of the Circuit Court of Kanawha County which dismissed appellant's petition for a writ of mandamus. The petition sought a rule compelling the Commissioner of Motor Vehicles to show cause why appellant's operator's license, which had been revoked under the provisions of *W.Va. Code*, 17C-5-2(c), should not be reinstated. Without taking evidence the circuit court dismissed the petition with prejudice. We conclude the circuit court acted incorrectly.

On December 8, 1977, the Commissioner of Motor Vehicles revoked the appellant's operator's license for a period of ten years. The revocation was based on the provisions of *W.Va. Code*, 17C-5-2(c) which require the Commissioner to revoke a license if the records disclose two convictions within five years for driving under the influence of intoxicating liquor. The Motor Vehicle Department's records indicated the appellant was convicted of driving while under the influence of intoxicating liquor on March 6, 1973 in Cooper City, Florida, and on November 22, 1977 in Jackson County, West Virginia.

In his petition for a writ of mandamus appellant alleged the Cooper City conviction was void by reason of the fact that he was not represented by counsel, not informed of his right to counsel, and did not waive that right. Therefore, he asserted the Jackson County offense was a first offense, the six-month revocation period for

one offense had expired, and he was entitled to have his operator's license reinstated.

In denying the relief prayed for the circuit court stated in a letter of opinion that the petition was being dismissed because appellant had another adequate remedy; i.e. to proceed under the provisions of *W.Va. Code*, 17B-3-6 which provide that a party whose license is revoked may request a hearing before the Commissioner of Motor Vehicles.

The trial court's dismissal was improper in light of our prior case of *State ex rel. Vance v. Arthur*, 142 W.Va. 737, 98 S.E.2d 418 (1957) in which we held under substantially similar circumstances that the Commissioner of Motor Vehicles is an administrative official not capable of performing the judicial function of determining the validity of judgments and therefore can take no action to set aside the revocation of a license until the judgment complained of has been *judicially* declared void in a proceeding to which the Commissioner is a party. *Arthur* makes it clear that *W.Va. Code*, 17B-3-6 provides no adequate remedy for the appellant, and accordingly the trial court was incorrect in dismissing the petition for this reason.

> "Though the writ of mandamus will be denied where another and sufficient remedy exists, if such other remedy is not equally as beneficial, convenient and effective, mandamus will lie." Syl. pt. 5, *Arthur, supra.*

*Arthur* was an original mandamus proceeding before this Court in which the petitioner sought to compel the Commissioner of Motor Vehicles to reinstate his operator's license which had been revoked for two convictions for driving under the influence of intoxicating liquor. He contended the convictions were void because they had been initiated in a justice of the peace court without warrants. In granting the relief sought, this Court went on to reiterate two well established rules of law:

> "A void judgment, being a nullity, may be attacked, collaterally or directly, at any time and in any court whenever any claim or right is as-

serted under such judgment." Syl. pt. 3, *Arthur*, *supra*.

"A void judgment is subject to collateral attack in a proceeding in mandamus." Syl. pt. 4, *Arthur*, *supra*.

Because the sanctions which may be imposed by the Department of Motor Vehicles on a person convicted of driving while under the influence of intoxicating liquor are increased if he has a prior conviction within the statutorily specified time a collateral attack may be made on the prior or subsequent conviction on constitutional grounds. *Gonzales v. Municipal Court*, 32 C.A.3d 706, 108 Cal.Rptr. 612 (1973); *Thomas v. Department of Motor Vehicles*, 90 Cal.Rptr. 586, 475 P.2d 858 (1970). This principle applies even if the prior conviction was in another state. Cf. *DeRasmo v. Smith*, 15 C.A.3d 601, 93 Cal.Rptr. 289 (1971).

For the foregoing reasons, we reversed the final judgment entered below and remand the case with directions that the appellant be given the opportunity to prove his allegations relative to the voidness of the Cooper City, Florida conviction.

*Reversed and remanded with directions.*