A. LOUISE WELLER

*v.*

MOFFETT'S PHARMACY, INC.

(No. 15074)

Decided June 16, 1981.

*William T. Wertman, Jr.*, for appellant.

*William Richard McCune, Jr.*, for appellee.

MILLER, JUSTICE:

This is an appeal by A. Louise Weller from a March 28, 1980, final order of the Circuit Court of Jefferson County which granted the defendant's motion to dismiss for failure to state a claim upon which relief can be granted. Because the trial court's order was based on an erroneous legal conclusion, we reverse and remand for further proceedings.

We are faced with an unusual circumstance in this appeal: the parties agree as to the law and the facts. The facts are simple. Moffett's Pharmacy, Inc., [Moffett] instituted an action against the appellant and her now deceased husband in the Magistrate Court of Jefferson County on June 15, 1979. The appellant, appearing *pro se,* unsuccessfully defended the action and Moffett obtained judgment on June 26, 1979. After the appeal period had expired, the appellant obtained counsel.

In February 1980, the appellant filed a complaint in the Circuit Court of Jefferson County against Moffett, alleging that its debt collection conduct, in connection with the same account receivable sued on successfully in magistrate court, violated various provisions of the West Virginia Consumer Credit and Protection Act, W. Va. Code, 46A-1-101, *et seq.* The complaint also alleged that Moffett intentionally defrauded her by misrepresenting the nature, amount, and extent of its claim and by subsequently suing her for an amount not actually due and owing.

Moffett made a motion to dismiss under Rule 12(b)(6), W. Va. R. Civ. P., for failure to state a claim upon which relief can be granted, asserting that the appellant waived her claims by failing to assert them as a counterclaim in the prior proceedings in magistrate court. After a hearing the circuit court granted the motion to dismiss and concluded that the issues raised in her complaint involved defenses and compulsory counterclaims which were waived by not being asserted in the prior action in magistrate court. The trial court determined that raising those issues in circuit court constituted an impermissible collateral attack on the magistrate court judgment.

The appellee confesses error and concedes the trial court should not have granted its motion to dismiss in view of the provisions of W. Va. Code, 50-4-9 [1978]*, which were not

---

* W. Va. Code, 50-4-9 [1978], reads:

"A defendant in a civil action may at any time within twenty days after the service of process on him commence a separate action as a counterclaim and if such counterclaim arises from the

brought to the attention of the court at the time of its ruling. The appellee does request that they be given leave to make further answer on remand to the circuit court. We agree with the parties that the judgment appealed from must be reversed in view of the unambiguous language of W. Va. Code, 50-4-9 [1978], but the request to file an amended answer should properly be addressed in the first instance to the trial court.

Prior to the original enactment of this statute in 1976, which was after the creation of the magistrate court system, the filing of counterclaim in justice of the peace courts was controlled by W. Va. Code, 50-5-1 [1931], *et seq.* In particular, W. Va. Code, 50-5-2 [1931], provided that in certain instances the defendant could be precluded from maintaining an independent action on his counterclaim.

However, the clear language of the new statute makes all counterclaims in magistrate court permissive when it states: "The failure to institute a counterclaim permitted by this section shall not preclude the institution of an action on such claim at a later date." Consequently, under the express terms of W. Va. Code, 50-4-9 [1980], a defendant in a civil action in magistrate court who fails to assert a counterclaim is not precluded from instituting an action on such claim at a later date, nor will the adjudication of the original plaintiff's claim constitute *res judicata* or act as an estoppel as to any such counterclaim.

Based on the foregoing statute, the appellant is entitled to maintain her claim. We, therefore, reverse the order granting the motion to dismiss and remand for further proceedings.

*Reversed and Remanded.*

---

same transaction or occurrence that is the subject matter of the initial claim they shall be tried together. The requirements of law relating to the payment of fees and service of process shall apply to counterclaims. *The failure to institute a counterclaim permitted by this section shall not preclude the institution of an action on such claim at a later date.* The adjudication of the original claim shall not constitute res judicata as to any such permitted counterclaim nor shall it act as an estoppel as to such permitted counterclaim." [Emphasis added]