WILLIAM BRYCE STALNAKER

*v.*

VIRGINIA L. ROBERTS *Com'r, etc.*

(No. 15176)

*And*

STATE *ex rel.* LAWRENCE L. PARRISH

*v.*

VIRGINIA L. ROBERTS *Com'r, etc.*

(No. 15358)

Decided December 18, 1981.

Rehearing Denied February 23, 1982.

*Chauncey H. Browning*, Attorney General, *and S. Clark Woodroe*, Assistant Attorney General, for appellant.

*Albright, Fluharty, Bradley & Townsend, Joseph P. Albright and Robert A. Ellison*, for appellee Stalnaker.

*Sullivan & Cowan, John J. Cowan and George Castelle*, for appellee Parrish.

NEELY, JUSTICE:

These two appeals by the State of West Virginia present the question of the appropriate forum for a collateral attack upon old traffic convictions. Under *W. Va. Code,* 17C-5-2 [1976] the Commissioner of Motor Vehicles is required to revoke the driver's license of any person convicted of drunk driving, and the period of revocation is determined by the number of convictions that the person has. Consequently, the validity of prior, unappealed, and frequently uncontested convictions becomes an issue of compelling concern to a person who is about to lose his driver's license for ten years as a result of three successive drunk driving offenses.

Under our case of *State ex rel. Vance v. Arthur,* 142 W. Va. 737, 98 S.E.2d 418 (1957) and the more recent case of *State ex rel. Lemley v. Roberts,* ___ W. Va. ___, 260 S.E.2d 850 (1979) the prior convictions can be challenged in a mandamus proceeding against the commissioner of motor vehicles brought in the Circuit Court of Kanawha County. The State asserts in this appeal that the Circuit Court of Kanawha County is both an inappropriate and inconvenient forum for this type of litigation and that both *Vance* and *Lemley* should be overruled. We agree.

In both of the cases before us the appellees brought successful mandamus proceedings against the commissioner of motor vehicles in the Circuit Court of Kanawha County. Both sought reinstatement of their driving privileges, which had been revoked by the commissioner. The Circuit Court of Kanawha County permitted each appellee to present evidence attacking the constitutional validity of his prior traffic convictions upon which the commissioner's revocation was predicated.

Appellee William Stalnaker had been convicted of drunk driving in Chesterfield County, Virginia, on 2 August 1974. On 27 June 1975 he was arrested in Hinton, West Virginia for drunk driving. He was released from jail upon the posting of $106.00 bond. He did not appear for trial in the City Police Court of Hinton on 7 July 1975 and his bail was

forfeited. Pursuant to *W. Va. Code*, 17B-3-4 [1951] an abstract of the court record indicating that he had forfeited bail for the offense of drunk driving was sent to the Department of Motor Vehicles. *Code*, 17B-3-4 [1951] provides that "a forfeiture of bail . . . shall be equivalent to a conviction." The commissioner revoked Mr. Stalnaker's license pursuant to *W. Va. Code*, 17B-3-5 [1951] and petitioner brought an action in mandamus against the commissioner to require reinstatement of his license on the grounds that his forfeiture of bail in Hinton was constitutionally infirm. Mr. Stalnaker testified below that he had not been informed of his trial date. The Circuit Court of Kanawha County concluded that the police court conviction was void because Mr. Stalnaker had not pleaded guilty in accordance with either of *Call v. McKenzie*, 159 W. Va. 191, 220 S.E.2d 665 (1975) or *W. Va. Code*, 62-3-1a [1965], and issued the writ directing the commissioner to reinstate Mr. Stalnaker's license.

Appellee Lawrence Parrish was a North Carolina resident with a North Carolina driver's license when he was convicted of drunk driving on 4 April 1978 and again on 24 July 1978. Mr. Parrish pled guilty to both charges of drunk driving in district courts of North Carolina. In both cases he was not represented by counsel. As a result of the second conviction his license was suspended for a period of four years. Mr. Parrish subsequently moved to West Virginia where he applied for a driver's license. When the West Virginia Department of Motor Vehicles discovered that his North Carolina license had been revoked for drunk driving the department revoked his West Virginia license for ten years. Mr. Parrish then brought a mandamus action in the Circuit Court of Kanawha County where he successfully attacked the North Carolina convictions because he had not been given his right to counsel. The court below reinstated his license.

I.

In the case of *State ex rel. Vance v. Arthur, supra*, the issue of *forum non conveniens* was never raised or contemplated because Mr. Vance had been convicted of his traffic

violations in Kanawha County and the proceeding was an original mandamus action *in this Court*. In that case we said:

> As already indicated, the failure of the petitioner to apply for an appeal from the judgment of conviction in each proceeding and to seek reversal of each judgment upon appeal does not preclude him from attacking the judgment collaterally in a proceeding in mandamus. To obtain a reversal of each judgment it would be necessary to prosecute successfully two appeals and, if both judgments were reversed and set aside by means of that procedure, the commissioner of motor vehicles could not have been required, in either appellate proceeding, to reinstate the license of the petitioner, if the commissioner, after the reversal of both judgments, should refuse to reinstate the license. The time required and the costs incurred in the prosecution of the appeals to a successful final conclusion, which would not directly accomplish the reinstatement of the license, would be substantially greater than the time required and the costs incurred in the prosecution of a proceeding in mandamus in which adequate and complete relief in avoiding the effect and preventing the enforcement of the judgments and in requiring the reinstatement of the license can be expeditiously obtained by the petitioner.
> 98 S.E.2d at 425.

It must be remembered that *State ex rel. Vance v. Arthur*, was decided in May 1957 at a time when the procedures in justice of the peace courts were notoriously irregular. The holding in *Arthur* may have been appropriate in 1957 since it was not until the 1960s that the Supreme Court of the United States embarked upon its wholesale reform of criminal procedure. Furthermore, in 1974 this Court decided *State ex rel. Shrewsbury v. Poteet*, 157 W. Va. 540, 202 S.E.2d 628 (1974), in which we concluded that the fee system in justice of the peace courts was such a violation of due process that judgments from those courts were constitutionally infirm. As a direct result of our decision in *Poteet* the West Virginia Legislature

adopted, and the voters of West Virginia ratified, the *Judicial Reorganization Amendment of 1974.*

The combined effect of the changes made in the criminal law at both the state and federal level during the past twenty-four years has been a dramatic increase in the level of fairness, competence, and regularity in proceedings conducted in courts of limited jurisdiction. While at the time *Vance v. Arthur, supra,* was written it can almost be said that there was a presumption against the validity of a criminal judgment rendered in justice of the peace court, we can now say without the least hint of irony that there is a well-justified presumption of regularity in the proceedings of the magistrate courts of this State and courts of limited jurisdiction in other states.

## II.

It must be recognized at the outset that the enforcement of our traffic laws is largely an administrative activity in which there is seldom cause to call upon the refinements of criminal law and procedure. If the courts were to insist upon the application of the same rules of procedure in misdemeanor traffic cases that are applied in felony prosecutions the burdens on defendants as a class would be enormously onerous. No motorist in transit from Miami, Florida, to Cleveland, Ohio, along the West Virginia Turnpike really wishes to be taken before a magistrate for a full-blown *Call v. McKenzie, supra,* dialogue before paying his $20.00 fine. It is for that reason that we have resorted to the procedure of traffic citation, guilty plea, and payment of a fine without recourse to a warrant.

Drunk driving cases, particularly under the new West Virginia statute (which is not an issue in this case), are more serious cases than speeding or parking violations. Nonetheless, the expense, time, and aggravation of defending a drunk driving case when the defendant has been caught *in flagrante delicto* usually outweighs the inconvenience of both the fine and temporary suspension of the driving privilege.

The great weight of authority in this country is that due process requirements vary with the nature of the interest at stake. *See North v. West Virginia Board of Regents,* 160 W. Va. 248, 233 S.E.2d 411 (1977). For example, the United States Supreme Court does not require that counsel be appointed for an indigent defendant in a misdemeanor case where the court indicates that there is no possibility of a jail term. *See Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). Similarly a defendant does not have a right to a jury when he has been charged with a misdemeanor for which incarceration is not a permissible punishment. *Champ v. McGhee,* ___ W. Va. ___, 270 S.E.2d 445 (1980).

### III.

When a person whose license is to be suspended for drunk driving convictions files a writ of mandamus in Kanawha County asserting the invalidity of a prior in-state or out-of-state conviction, it is extremely difficult for the Department of Motor Vehicles to defend the action. Since driving convictions are entered in courts not of record there are usually few written records which indicate the degree to which the defendant's constitutional rights were vouchsafed. Consequently, all testimony concerning the extent to which the defendant was accorded his constitutional rights is oral and it is enormously expensive and inconvenient for the State to marshal its evidence and to present that evidence in the Circuit Court of Kanawha County.

All the petitioner in mandamus need do is testify orally that he was not advised of his rights or that some other egregious procedural error occurred in the court not of record where he was convicted and he has made a *prima facie* case. We note that many other states do not permit collateral attack on traffic offenses. *See, e.g., State v. Kamalski,* 429 A.2d 1315 (Del. Super. 1981); *Hardin v. State ex rel. VanNatta,* Ind. App., 376 N.E.2d 518 (Ind. 1978) *Commonwealth, Dept. of Transportation v. Schmidt,* 57 Pa. Cmwlth. 318, 426 A.2d 1222 (1981).

The on-the-ground mechanics of permitting litigation of the validity of prior convictions in the Circuit Court of Kanawha County create an equal protection problem of substantial magnitude; wealthy citizens whose licenses are threatened with suspension can litigate the commissioner of motor vehicles almost to a standstill while less well endowed citizens must suffer the full penalty of the law. Obviously, we are not pleased to countenance that result which makes a mockery of the enforcement of our road laws.

The intent of the West Virginia traffic laws which provide that the commissioner of motor vehicles revoke the licenses of dangerous drivers is protection for the innocent public. See W. Va. Code, 17B-3-1 et seq. We are dealing in the cases before us with an administrative remedy which exacts an administrative sanction; we are not concerned with subsequent prosecutions under the drunk driving statute where an enhanced *judicial* penalty of imprisonment depends upon the validity of prior convictions. In the judicial context where enhanced penalties are sought collateral attack will still be permitted. We conclude, however, that sound public policy is not served by permitting a collateral attack upon prior judgments, either inside or outside of West Virginia, in the Circuit Court of Kanawha County when the judgments have been rendered outside of that county.

## IV.

Accordingly, we do not overrule *Vance v. Arthur, supra,* and *Lemley v. Robert, supra* with regard to our holding that a constitutionally infirm, and therefore void judgment, may be collaterally attacked. We overrule *Vance* and *Lemley,* only to the extent that they permit the forum for that attack to be the Circuit Court of Kanawha County when the original judgment was not rendered in Kanawha County. Furthermore, we hold that the proper vehicle for attack is not a mandamus against the commissioner of motor vehicles.

Void judgments may still be attacked; however, they must be attacked in the county in West Virginia in which they were rendered if they are West Virginia judgments and in the court system of the state where they were originally rendered if they are out-of-state judgments. Mandamus may still be brought against the commissioner of motor vehicles in the Circuit Court of Kanawha County on grounds relating exclusively to the conduct of the Department of Motor Vehicles, as for example, mis-identification of the petitioner, erroneous conclusions concerning the date on which convictions were rendered, or the nature of the offense for which the conviction or forfeiture of bail occurred.

We conclude that most people in West Virginia understand the sanctions concerning driver's license revocation attendant upon convictions for drunk driving and the point system for the suspension of licenses for other offenses. Consequently, we do not consider it to be an undue burden upon the citizenry at large to require that persons who are aggrieved by void judgments move in an expeditious fashion in the county in which those judgments were rendered to secure their expungement.

Accordingly for the reasons set forth above the judgments of the Circuit Court of Kanawha County are reversed and the cases are remanded for further proceedings consistent with this opinion.

*Reversed and
remanded.*