382 S.E.2d 64

Leonard A. SHINGLETON

v.

CITY OF ROMNEY and West Virginia Department of Motor Vehicles, L.W. Bechtold, Commissioner.

No. 18207.

Supreme Court of Appeals
of West Virginia.

June 15, 1989.

V. Alan Riley, Keyser, for Shingleton.

Charles E. Parsons, City Atty., Romney, for City of Romney.

Paul E. Jordan, Asst. Atty. Gen., Charleston, for DMV.

PER CURIAM:

Leonard A. Shingleton appeals the decision of the circuit court that refused to vacate his 1977 and 1980 convictions for driving while under the influence that will be used to enhance a civil administrative sanction because of his 1987 conviction for driving while under the influence. Mr. Shingleton alleges that in 1977 and 1980 he appeared without counsel and was not advised of his rights. Because the record does not substantiate Mr. Shingleton's allegations, we affirm the decision of the Circuit Court of Hampshire County.

The first conviction occurred in May 1977, when Mr. Shingleton, without counsel, pleaded guilty before Raymond L. Michael, Jr., Mayor, in the Municipal Court of Romney, West Virginia to a charge of "driving while intoxicated" in violation of *W.Va.Code*, 17C–5–2. The only record of the 1977 conviction is an abstract of judgment. The second conviction occurred in January 1980 when Mr. Shingleton, without counsel, pleaded guilty before Royce B. Saville, Police Judge, in the Municipal Court of Romney to a charge of "driving while under the influence of alcohol or narcotics" in violation of a municipal ordinance. According to a waiver signed January 25, 1980, Mr. Shingleton waived his rights to a jury trial, to remain to silence, to a lawyer, to a preliminary examination and to a trial. The rights waiver indicated Mr. Shingleton wished to plead guilty and contained information on possible civil sanctions resulting from a second conviction for driving under the influence.[1]

Other than the two abstracts of judgment and the rights waiver the only other evidence presented was Mr. Shingleton's testimony. However, Mr. Shingleton was unable to recall clearly what rights, if any, he had been advised of at the time of his 1977 conviction. On direct examination Mr. Shingleton acknowledged he was advised of his right to a lawyer. But after his lawyer interjected "Pardon?", Mr. Shingleton changed his answer to "[n]o—[the judge] didn't say anything to me on that." On cross examination Mr. Shingleton said that in 1977 the judge "just read me my rights, I reckon, just like Mr. Saville done." Finally, on re-direct, Mr. Shingleton acknowledged, "I don't know. I don't remember."

---

1. The following information was printed by hand at the bottom of the form, immediate above Mr. Singleton's signature:

   I understand that I am pleading guilty to the offense of First Offense DWI [sic] rather than second offense as charged in the warrant. I also understand that I still may lose my drivers [sic] license for more than 6 months, possibly up to 10 years.

Mr. Shingleton recalled that in 1980 he was advised of all the rights contained on the rights waiver. Mr. Shingleton testified that he did not recall receiving any information about his right to appeal or the effect of a third driving while under the influence conviction. By letter dated March 5, 1980, the Department of Motor Vehicles revoked Mr. Shingleton's license for a period of ten years because of his 1980 and 1977 convictions for driving while under the influence. Mr. Shingleton's license was reissued under the provisions of *W.Va.Code*, 17C–5A–3 [1986].

On April 16, 1987, Mr. Shingleton, represented by counsel, entered a plea of *nolo contendere* to driving while under the influence of alcohol, first offense. As a result of his third conviction for driving while under the influence, Mr. Shingleton became eligible for the administrative enhancement sanction of a revocation of his license for life under *W.Va.Code*, 17C–5A–2 [1986]. To avoid this administrative sanction, Mr. Shingleton attempted to vacate his two prior convictions in the Circuit Court of Hampshire County. The circuit court, by order dated July 30, 1987 refused to vacate prior convictions.

I

■ Initially we note that this case arises in the context of an administrative sanction as opposed to a criminal penalty. *W.Va.Code*, 17C–5A–2 [1986] provides that the Commissioner of Motor Vehicles shall impose increasingly severe administrative sanctions upon subsequent incidents of driving while under the influence if proven by a preponderance of evidence. Syllabus Point 1, *Johnson v. Comm'r., Department of Motor Vehicles*, 178 W.Va. 675, 363 S.E.2d 752 (1987). *W.Va.Code*, 17C–5A–2(i) [1986] provides:

> If the commissioner finds by a preponderance of the evidence that the person did drive a motor vehicle while under the influence of alcohol, controlled sub-

stances or drugs, or did drive a motor vehicle while having an alcoholic concentration in his blood of ten hundredths of one percent or more, by weight, or finds that the person, being an habitual user of narcotic drugs or amphetamine or any derivative thereof, did drive a motor vehicle, or finds that the person knowingly permitted his vehicle to be driven by another person who was under the influence of alcohol, controlled substance or drugs, or knowingly permitted his vehicle to be driven by a person who had an alcohol concentration in his blood of ten hundredths of one person or more, by weight, the commissioner shall revoke the person's license for a period of six months: Provided, That if the commissioner has previously suspended or revoked the person's license under the provisions of this section or section one [§ 17C–5A–1] of this article, the period of revocation shall be ten years: Provided, however, That if the commissioner has previously suspended or revoked the person's license more than once under the provisions of this section or section one [§ 17C–5A–1] of this article, the period of revocation shall be for the life of such person.

The administrative sanctions are separate and distinct from the criminal penalties provided for driving while under the influence in *W.Va.Code*, 17C–5–2 [1986].[2] The intent of West Virginia traffic laws which provide that the Commissioner of Motor Vehicles may revoke the licenses of dangerous drivers is protection for the innocent public. *Stalnaker v. Roberts*, 168 W.Va. 593, 599, 287 S.E.2d 166, 169 [1982]. In the present case Mr. Shingleton seeks to void his two prior convictions for driving while under the influence in order to stop the Commissioner from revoking his license for life.

■ In Syllabus Point 1 of *Shell v. Bechtold*, 175 W.Va. 792, 338 S.E.2d 393 (1985), we stated:

---

**2.** *W.Va.Code*, 17C–5–2 [1986] provides for enhancement of penalties upon additional convictions of driving while under the influence. However, the criminal enhancement provisions are not applicable to this case because Mr. Shingleton's 1987 conviction was for driving while under the influence, first offense, and therefore, the criminal enhancement provisions were not triggered.

"The proper forum for attacking the constitutional validity of a prior traffic offense conviction when that offense is the foundation for adverse administrative action by the commissioner of motor vehicles is the county in which such a conviction was initially rendered if the conviction is a West Virginia conviction, or the state courts of the state in which the conviction was initially rendered if it is an out-of-state conviction. To the extent that *State ex rel. Vance v. Arthur,* 142 W.Va. 737, 98 S.E.2d 418 (1957) and *State ex rel. Lemley v. Roberts,* 164 W.Va. 457, 260 S.E.2d 850 (1979) are to the contrary, they are overruled." *Stalnaker v. Roberts,* 168 W.Va. 593, 287 S.E.2d 166 (1981).

Mr. Shingleton sought to vacate his prior convictions in the Circuit Court of Hampshire County, the county in which the prior judgments were rendered. The circuit court conducted a full hearing during which Mr. Shingleton was given the opportunity to prove that his prior convictions were void because he had not been properly advised of his rights. However, Mr. Shingleton testified that he did not know and could not remember if he had been advised of any rights at the time of his 1977 conviction. Mr. Shingleton did recall that in 1980 he had been advised of the rights outlined in the rights waiver he signed.

On appeal, Mr. Shingleton contends that the trial court was wrong in its denial of his petition to vacate the prior judgments because there was no demonstration that Mr. Shingleton's rights had been provided. Mr. Shingleton, as the moving party, has the burden of demonstrating the invalidity of his prior convictions and two of his assignments of error seek to shift his burden.

■ In Syllabus Point 4, *Frasher v. Frasher,* 162 W.Va. 338, 249 S.E.2d 513 (1978), we stated:

"The findings of fact of a trial court are entitled to peculiar weight upon appeal and will not be reversed unless they are plainly wrong." Syllabus Point 6, *Mahoney v. Walter,* 157 W.Va. 882, 205 S.E.2d 692 (1974).

Based on our careful review of the record, we find that the circuit court's holding that Mr. Shingleton was unable to demonstrate that he had been denied his rights in his prior convictions is not plainly wrong and thus will not be reversed.

## II

■ On appeal, Mr. Shingleton requests that we apply all the refinements of criminal law and procedure to determine if his prior convictions are valid for utilization for a civil administrative sanction. However, we have consistently recognized that "[t]here is a clear statutory demarcation between the administrative issue on a suspension and the criminal issues on a charge of driving while under the influence." *Jordan v. Roberts,* 161 W.Va. 750, 757, 246 S.E.2d 259, 263 (1978). While a collateral attack upon prior judgments to be used for administrative enhancement is permitted, we have declined "to insist upon the application of the same rules of procedure in misdemeanor traffic cases that are applied in felony prosecutions [because] the burdens on defendants as a class would be enormously onerous." *Stalnaker, supra* 168 W.Va. at 597, 287 S.E.2d at 168.

## III

■ Next Mr. Shingleton argues that his convictions are void because the trial courts in accepting his guilty pleas failed to explain the administrative sanctions for driving while under the influence convictions. The record indicates that Mr. Shingleton failed to demonstrate that the trial court during both his prior convictions did not explain the administrative sanctions. The rights waiver for the 1980 driving while under the influence conviction shows that Mr. Shingleton was provided with information regarding the administrative sanction for a driving while under the influence, second offense. Mr. Shingleton, because of his driving while under the influence, second offense, had his license revoked for ten years, reinstatable after five years.

Certainly, Mr. Shingleton by the time of his driving while under the influence third

conviction was aware that increased administrative sanctions would result from another driving while under the influence conviction. Regarding the driving while under the influence criminal enhancements, provided in *W.Va.Code*, 17C–5–2 [1986], we stated: "Nevertheless, there is no requirement that a defendant be advised of the penalty enhancement." *State v. Barker*, 179 W.Va. 194, 199, 366 S.E.2d 642, 647 (1988).

■ Finally Mr. Shingleton argues that because *W.Va.Code*, 17C–5–2 [1986] expanded the time period for subsequent enhancement, his prior convictions that occurred before the change should not be utilized for enhancement. This argument is based on *W.Va.Code*, 17C–5–2 [1986] that deals with driving while under the influence criminal penalties. Although Mr. Shingleton was convicted in 1987, it was for a first offense driving while under the influence under *W.Va.Code*, 17C–5–2 [1986] and, therefore, is not subject to any criminal enhancement based on his prior driving while under the influence convictions.

However, the legislature "intended to apply the administrative sanction of license revocation" to convictions such as Mr. Shingleton's. *Shell* 175 W.Va. at 796, 338 S.E.2d at 397.[3]

Accordingly, for the reasons set forth above the judgement of the Circuit Court of Hampshire County is affirmed.

Affirmed.

---

**3.** See *Shell, supra* 175 W.Va. at 797 n. 8, 338 S.E.2d at 397–98 n. 8 for a discussion of the application of the *ex post facto* clause in a civil proceeding.