399 S.E.2d 183

**SER Gregory Ryan WAGONER**

v.

**George T. SIDROPOLIS, as successor to L.W. Bechtold, Commissioner of the West Virginia Department of Motor Vehicles.**

**No. 19387.**

Supreme Court of Appeals of West Virginia.

Nov. 9, 1990.

---

Roger W. Tompkins, Atty. Gen., Andrew Tarr, Asst. Atty. Gen., Charleston, for George T. Sidropolis.

W. Stanley James, Beckett, Burford and James, Huntington, for Gregory Ryan Wagoner.

PER CURIAM:

This is an appeal by the Commissioner of the West Virginia Department of Motor Vehicles from a January 6, 1989, final order of the Circuit Court of Cabell County granting the appellee, Gregory Wagoner, a writ of mandamus directing the Commissioner to reinstate the appellee's license to operate a motor vehicle. The Commissioner contends that its ten-year revocation of the appellee's license was appropriate and that the lower court erred in granting the appellee's writ of mandamus ordering restoration of his license. We agree with the appellant and reverse the decision of the Circuit Court of Cabell County.

## I.

On October 5, 1982, the West Virginia Department of Motor Vehicles suspended the appellee's license for a period of six months based upon his September 22, 1982, arrest for driving under the influence of alcohol.[1] Although the revocation order clearly explained the appellee's entitlement to challenge his revocation at an administrative hearing, the appellee did not challenge the October 5, 1982, revocation. The appellee completed a safety and treatment program and obtained a reinstatement of his license on December 14, 1982.

On March 16, 1984, the Department of Motor Vehicles issued an order revoking the appellee's license for a period of ten years based upon a March 12, 1984, arrest for driving under the influence and pursuant to statutory enhancement provisions to be applied upon an individual's second offense for driving under the influence. Once again, the appellee did not request an administrative hearing to challenge his license revocation.

The appellee's license revocation was extended for a period of one additional year on August 29, 1985, based upon an August 7, 1985, offense for driving without a license. Consequently, the appellee became eligible for reinstatement on March 26, 1990.

The appellee filed a petition for a writ of mandamus on May 24, 1988, in the Circuit Court of Cabell County. The appellee alleged that he had not been advised of any license revocation enhancement provisions at the time of his March 12, 1984, arrest

for driving under the influence. He claimed that he would not have pleaded guilty to that offense had he known of such enhancement provisions and requested the Circuit Court of Cabell County to direct the Department of Motor Vehicles to restore his driving privileges.

After an October 13, 1988, hearing on the matter, the Circuit Court of Cabell County granted the writ of mandamus and ordered the Department of Motor Vehicles to reinstate the appellee's license. The lower court relied primarily upon our decision in *Call v. McKenzie*, 159 W.Va. 191, 220 S.E.2d 665 (1975), as authority for its conclusion that the Department of Motor Vehicles was obligated to inform the appellee of the enhancement consequences of a plea of guilty to a driving under the influence offense.

## II.

■ The appellant's primary contention on appeal is that the lower court erred by relying upon provisions of criminal law as enunciated in *Call* to resolve an issue of administrative procedure. The appellant contends that the enhancement being contested, administrative rather than criminal in nature, is not to be reviewed with the scrutiny employed in a criminal matter.[2] As we have consistently recognized, it is the statutory design of W.Va.Code § 17C–5A–2 which governs the administrative sanctions to be imposed for driving while under the influence. "West Virginia Code § 17C–5A–2(i) (1986 Replacement

1. West Virginia Code §§ 17C–5A–2 to –3 (1981), in effect during the relevant time periods, authorize the Commissioner of the Department of Motor Vehicles to revoke the license of any individual committing the offense of driving while under the influence of alcohol. Although minor amendments to the statutes have been made since 1981, the relevant portions have remained unchanged. The statutes provide for enhancement of administrative sanctions upon additional incidents of driving while under the influence. The license will be revoked for six months for the first such offense, with eligibility for reinstatement in ninety days if the offender completes a safety and treatment program. Upon the second offense, the offender's license will be revoked for ten years, with eligibility for reinstatement after five years if the offender

completes a safety and treatment program. Furthermore, the statute makes clear that the real issue in revoking a driver's license is whether the individual did in fact operate a motor vehicle while under the influence of alcohol, and no showing of any resulting guilty plea, conviction, or other criminal proceeding is necessary.

2. The appellant further contends that the court erred by allowing an action in mandamus to lie where the appellee had not fully exhausted his administrative remedies. Because we decide this matter upon the appellant's first assignment of error, we decline to address the issue of exhaustion of administrative remedies.

mandates the sanction to be imposed against a person who drives a motor vehicle in this state while under the influence of alcohol: 'If the commissioner finds by a preponderance of the evidence that the person did drive a motor vehicle while under the influence of alcohol ... the commissioner shall revoke the person's license for a period of six months.'" Syl. Pt. 1, *Johnson v. Commissioner, Dep't of Motor Vehicles,* 178 W.Va. 675, 363 S.E.2d 752 (1987).

The forum to which our decision in *Call* is directed must be noted at the outset. *Call* dealt with the procedural safeguards to be employed in a criminal action and was intended to govern actions within the criminal forum. It set forth various factors to be utilized in the disposition of criminal cases and enumerated certain issues to be raised with a criminal defendant prior to the entry of a guilty plea. It was not intended, however, to dictate the parameters of a civil action or the administrative enhancement provisions of license revocation procedures.

■■■ In the present case, the contested enhancement was an administrative procedure rather than a criminal sanction. Moreover, the administrative enhancement provisions of W.Va.Code § 17C–5A–2 (1981) are triggered by the statement of an arresting officer rather than the guilty plea of an offender.[3] The guilty plea is relevant only to criminal sanctions which may result. Administrative actions and criminal sanctions are independent lines of inquiry which must not be confused or integrated. As we explained in *Shingleton v. City of Romney,* 181 W.Va. 227, 229, 382 S.E.2d 64, 66 (1989), "[t]he administrative sanctions are separate and distinct from the criminal penalties...." As in *Shingleton,* the appellee in the present case requested application of criminal law and procedure to determine a question of civil administrative sanctions. The "refinements" of criminal law, however, are not mandatory authority for the resolution of such a question as civil administrative sanctions. *Shingleton,* 181 W.Va. at 230, 382 S.E.2d at 67. Rather, a "clear statutory demarcation [has been recognized] between the administrative issue on a suspension and the criminal issue on a charge of driving while under the influence." *Jordan v. Roberts,* 161 W.Va. 750, 757, 246 S.E.2d 259, 263 (1978). " 'In reviewing the judgment of a lower court this Court does not accord special weight to the lower court's conclusions of law, and will reverse the judgment below when it is based on an incorrect conclusion of law.' Syllabus Point 1, *Burks v. McNeel,* 164 W.Va. 654, 264 S.E.2d 651 (1980)." Syllabus, *Bolton v. Bechtold,* 178 W.Va. 556, 363 S.E.2d 241 (1987). We find that the lower court's reliance upon the criminal procedures of *Call* in analyzing this case of administrative procedure was misplaced. Criminal procedural rules such as those enumerated in *Call* are not appropriate factors to be employed in the resolution of an administrative question.

The provisions governing the resolution of this administrative issue are enunciated in W.Va.Code § 17C–5A–1 to –4 and in the decisions interpreting those provisions. The revocation of the appellee's license in the present case was consistent with those guidelines. The statutory language clearly indicates legislative intent to enhance the penalties of repeat offenders by imposing "increasingly severe administrative sanctions upon subsequent incidents of driving while under the influence if proven by a preponderance of evidence." *Shingleton,* 181 W.Va. at 229, 382 S.E.2d at 66 (citing Syl. Pt. 1, *Johnson,* 178 W.Va. at 675, 363 S.E.2d at 752.)

We find that the appellant correctly applied the statutory formula in revoking the appellee's license for a period of ten years, subject to the potential five-year reinstatement upon completion of safety and training classes. We consequently reverse the decision of the Circuit Court of Cabell County and remand this case with directions to enter an order authorizing the

---

**3.** West Virginia Code § 17C–5A–1 (1981) provides that a law-enforcement officer arresting a person for driving while under the influence of alcohol is to report to the Commissioner by sworn, written statement the name and address of the person arrested. The initiation of criminal proceedings is not a necessary predicate to the initiation of administrative sanctions.

**44**

appellant to revoke the appellee's license for an additional fourteen-month period.[4]

Reversed and remanded.

---

**4.** The appellee had previously completed a safety and treatment program rendering him eligible for reinstatement on March 26, 1990. His license was erroneously reinstated by the lower court on January 16, 1989, approximately fourteen months prior to his actual eligibility for reinstatement. Consequently, the appellee remains subject to fourteen additional months of license revocation.