# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Meghan Shears,**
**Petitioner Below, Petitioner**

**vs) No. 14-0681** (Kanawha County 14-P-174)

**Patricia S. Reed, Commissioner of the**
**West Virginia Division of Motor Vehicles,**
**Respondent Below, Respondent**

**FILED**

May 18, 2015

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Meghan Shears, by counsel Clinton Smith, appeals the Circuit Court of Kanawha County's June 13, 2014, order denying her petition for writ of prohibition. That order affirmed a final order dated April 19, 2013, by the Commissioner of the West Virginia Division of Motor Vehicles ("DMV"), which revoked petitioner's driver's license for driving under the influence. The Commissioner, by counsel Elaine Skorich, filed a response in support of the circuit court's order. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was arrested on March 24, 2013, for aggravated driving under the influence ("DUI"), pursuant to West Virginia Code § 17C-5-2(e), because she was driving with a blood alcohol concentration ("BAC") of "fifteen hundredths of one percent or more[.]" Following her arrest, both administrative and criminal proceedings were initiated.[1]

The DMV, on April 19, 2013, revoked petitioner's driver's license for forty-five days and thereafter required her to successfully participate in the West Virginia Alcohol Test and Lock Program and the West Virginia Safety and Treatment Program. Petitioner timely requested an administrative hearing with the Office of Administrative Hearing ("OAH") challenging the revocation of her license.

---

[1]For reasons that are not apparent in the appendix record, the criminal complaint filed March 24, 2013, against petitioner in magistrate court charged petitioner with first offense DUI pursuant to West Virginia Code § 17C-5-2(d) for driving with a BAC of "eight hundredths of one percent or more, by weight, but less that fifteen hundredths of one percent[.]"

On September 4, 2013, petitioner entered into a plea agreement in her criminal proceeding in Magistrate Court to participate in a DUI deferral program, which required that her license be suspended for 15 days, followed by a minimum of 165 days participation in the Motor Vehicle Alcohol Test and Lock Program. As a result, petitioner waived her right to an administrative hearing challenging the DMV's revocation.[2] *See* West Virginia Code § 17C-5-2b(b) ("A defendant's election to participate in deferral under this section shall constitute a waiver of his or her right to an administrative hearing."). On September 30, 2014, the OAH entered an order that affirmed the DMV's April 19, 2013, order revoking petitioner's driver's license. Subsequently, the magistrate transmitted a "Request for DUI Deferral Program" to the DMV.

In April of 2014, petitioner filed a petition for writ of prohibition in the circuit court asserting that the OAH's September 30, 2013, order was unlawful and violated her constitutional rights. Petitioner requested the DMV cease its refusal to obey the laws of this State and to prescribe the lawful penalty to petitioner pursuant to the law. The circuit court held a hearing on the petition on June 11, 2014. After considering the parties' arguments, the circuit court entered an order denying petitioner relief. The circuit court held that the DMV correctly imposed the appropriate administrative penalty for DUI against petitioner, pursuant to West Virginia Code § 17C-5A-2(k)(1), because petitioner waived her right to an administrative hearing on the DMV's revocation. It is from this order that petitioner appeals.

In determining whether to grant the requested writ of prohibition, we are guided by the following law:

> "In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight."

Syl. pt. 4, *State ex rel. Hoover v. Berger*, 199 W.Va. 12, 483 S.E.2d 12 (1996). Upon our review, the Court finds no error in the circuit court's order denying petitioner's petition for writ of prohibition. Petitioner's argument that the circuit court erred in determining that petitioner

---

[2]The magistrate court accepted petitioner's "Guilty Plea: Deferral of DUI Conviction" prior to the DMV determining if she was eligible to participate in the program.

"satisfied the 'minimum period' language in West Virginia Code 17C-5A-3a(c)(1) and revoking petitioner license for 45 days and requiring the use of the ignition interlock for 270 days" is misplaced. The circuit court affirmed the OAH's administrative revocation suspending petitioner's license for 45 days and requiring an additional 270 days of participation in the Motor Vehicle Alcohol Test and Lock Program.

As a preliminary matter, we have held that

> [a]dministrative license revocation proceedings for driving a motor vehicle under the influence of alcohol, controlled substances or drugs which are initiated pursuant to Chapter 17C of the West Virginia Code are proceedings separate and distinct from criminal proceedings arising from driving a motor vehicle under the influence of alcohol, controlled substances or drugs. The presentation of a sworn complaint before a magistrate and the magistrate's finding of probable cause and issuance of a warrant are not jurisdictional prerequisites to the commencement of administrative license revocation proceedings pursuant to Chapter 17C of the West Virginia Code.

Syl. Pt. 3, *Carroll v. Stump*, 217 W.Va. 748, 619 S.E.2d 261 (2005). In this case, petitioner entered into a plea agreement in her underlying *criminal* case, wherein she agreed to have her driver's license revoked for 15 days and to participate in the Motor Vehicle Alcohol Test and Lock Program for 165 days pursuant to West Virginia Code § 17C-5-2b(a)(2). Additionally, petitioner also agreed to waive her right to an *administrative* hearing challenging the *administrative* revocation of her license. "Although, the Commissioner is to give consideration to the results of related criminal proceedings, the criminal proceedings are not dispositive of the administrative license revocation proceedings." *Carroll v. Stump* at 756, 619 S.E.2d at 269. "The administrative enhancement provisions of W. Va. Code § 17C-5A-2 are triggered by the statement of an arresting officer rather than the guilty plea of an offender." *Wagoner v. Sidropolis*, 184 W.Va. 40, 43, 399 S.E.2d 183, 186 (1990). Pursuant to West Virginia Code § 17C-5A-2(k)(1), the commissioner is statutorily required to revoke petitioner's driver's license for 45 days and require an additional 270 days of participation in the Motor Vehicle Alcohol Test and Lock Program if the OAH finds by a preponderance of the evidence that a person drove with at BAC of fifteen hundredths of one percent or more. As noted above, petitioner waived her right to challenge the *administrative* proceedings pursuant to her *criminal* plea agreement. The DUI Information Sheet and the intoximeter results established that petitioner had a BAC of .156 in the *administrative* proceedings. Therefore, the commissioner of the DMV administratively revoked petitioner's driver's license for 45 days and required an additional 270 days of participation in the Motor Vehicle Alcohol Test and Lock Program as statutorily required by West Virginia Code § 17C-5A-2(k)(1). Therefore, this Court concludes that the circuit court did not err in denying the petition for writ of prohibition.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**:  May 18, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Justice Robin Jean Davis