# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Wendy Elswick,**
**Plaintiff Below, Petitioner**

**vs.)  No. 19-0054** (Ohio County 18-CAP-5)

**Adelle J. Carson,**
**Defendant Below, Respondent**

**FILED**

**August 28, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Wendy Elswick, self-represented litigant, appeals the November 19, 2018, order of the Circuit Court of Ohio County granting Respondent Adelle J. Carson's motion to dismiss petitioner's appeal from a judgment of the Magistrate Court of Ohio County. Respondent, by counsel Bradley K. Shafer, filed a response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons expressed below, the decision of the circuit court is reversed, and this case is remanded to the circuit court with directions to hold an evidentiary hearing as to whether, in respondent's prior action against petitioner, (1) the magistrate court adjudicated petitioner's claim that respondent also owed her money; and (2) respondent improperly named petitioner in her personal capacity as the defendant rather than Wendy Elswick, Inc. d/b/a Fish Reporting Services.

Petitioner is a certified court reporter and the owner of Wendy Elswick, Inc. d/b/a Fish Reporting Services ("the corporation"). Respondent, a court reporter, worked for the corporation as an independent contractor. On September 7, 2016, respondent filed a complaint in the Magistrate Court of Ohio County in Case No. 16-M35C-00635 ("first action"). On April 12, 2017, petitioner filed a complaint in the magistrate court in Case No. 17-M35C-00196 ("second action").

In the first action, respondent filed her complaint against "Wendy Elswick d/b/a Fish Reporting Services," alleging that between 2014 and 2016, petitioner failed to pay respondent her share of commissions earned in the performance of court reporting services. Respondent asked for

1

a judgment against petitioner in the amount of $5,856.21,[1] plus $95 in court fees and costs and post-judgment interest.

On October 4, 2016, petitioner filed an answer to respondent's complaint and did not check the box indicating that she was asserting a counterclaim against respondent. However, petitioner submitted evidence to show that respondent owed petitioner for providing, in petitioner's personal capacity, audio proofreading services to respondent between 2014 and 2016. Subsequently, the magistrate court held a bench trial in respondent's action against petitioner on January 23, 2017. At the beginning of trial, petitioner states that she requested the dismissal of respondent's complaint because respondent should have sued the corporation, and the magistrate court denied that request.

Following trial, the magistrate court entered judgment on March 9, 2017, in respondent's favor in the full amount she claimed, $5,856.21, plus $95 in court fees and costs and post-judgment interest at 7% per year. The magistrate court's judgment order fails to reflect whether it adjudicated only respondent's claim against petitioner or whether it also adjudicated petitioner's claim against respondent, either as a setoff against respondent's claim or as an independent counterclaim. Petitioner did not file an appeal from the March 9, 2017, judgment order in the Circuit Court of Ohio County until April 12, 2017. Accordingly, by order entered May 17, 2017, the circuit court dismissed petitioner's appeal as untimely filed. Petitioner did not appeal that order.

However, on the same day petitioner filed her appeal from the magistrate court's judgment order in the first action, petitioner filed her complaint in the second action and submitted substantially the same evidence to the magistrate court as she submitted with her answer in the first action. Petitioner sought payment for providing respondent with audio proofreading services between 2014 and 2016. Subsequently, respondent filed a motion to dismiss the second action, arguing that the doctrine of res judicata barred petitioner's claim due to the magistrate court's adjudication of that claim in the first action. The magistrate court did not rule on respondent's motion until after holding a bench trial on petitioner's claim on March 8, 2018.

On March 13, 2018, the magistrate court entered a judgment order and filed separate findings of fact and conclusions of law ("opinion letter"). In the opinion letter, the magistrate court denied respondent's motion to dismiss based on the doctrine of res judicata, finding that an examination of the record in the first action revealed "no written record of a counterclaim . . .[,] and the [March 9, 2017, judgment order] reflects no dismissal of a counterclaim." On the merits of petitioner's claim, the magistrate court found that petitioner failed to prove that respondent owed her for providing audio proofreading services. Accordingly, in the March 13, 2018, judgment order, the magistrate court entered judgment in respondent's favor.

Petitioner filed a timely appeal from the March 13, 2018, judgment order in the circuit court, and respondent filed a motion to dismiss the appeal. Unlike the magistrate court, by order entered on November 19, 2018, the circuit court found that the doctrine of res judicata barred

---

[1]The Legislature amended West Virginia Code § 50-2-1 to raise the monetary limit of the magistrate court's jurisdiction from $5,000 to $10,000, effective June 5, 2016. *See* 2016 W. Va. Acts ch. 55.

petitioner's claim in the second action. The circuit court acknowledged that petitioner did not file a counterclaim in the first action, but determined that petitioner presented evidence to support such a claim in that action. The circuit court further found, in the alternative, that if petitioner failed to present the evidence in support of a counterclaim in the first action, the doctrine of laches prevented petitioner from raising the claim in the second action given her failure to present the claim in the first action when she had the evidence to do so.

We review de novo the circuit court's November 19, 2018, order granting respondent's motion to dismiss. *See* Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995). However, we initially address petitioner's argument that the circuit court's May 17, 2017, order dismissing her appeal in the first action is also erroneous. Respondent counters that the May 17, 2017, order is not before us due to petitioner's failure to file an appeal from that order. We agree with respondent. West Virginia Code § 58-5-4 and Rule 5(f) of the West Virginia Rules of Appellate Procedure provide that there is a four-month period to appeal a final judgment or order. In *West Virginia Department of Energy v. Hobet Mining and Construction Company*, 178 W. Va. 262, 358 S.E.2d 823 (1987), we found that "[the] failure to file a timely appeal presents a jurisdictional infirmity precluding the court from accepting the appeal." *Id.* at 264, 358 S.E.2d at 825. Here, petitioner filed no appeal from the May 17, 2017, order. Therefore, we conclude that petitioner is precluded from arguing that the circuit court's dismissal of her appeal in the first action was erroneous.

However, we find that the validity of the magistrate court's March 9, 2017, judgment order petitioner attempted to appeal in the first action is before us for two reasons. First, in Syllabus Point 2 of *Beane v. Dailey*, 226 W. Va. 445, 701 S.E.2d 848 (2010), we reiterated:

> """A void judgment, being a nullity, may be attacked, collaterally or directly, at any time and in any court whenever any claim or right is asserted under such judgment." Syl. pt. 3, *State ex rel. Vance v. Arthur*, 142 W.Va. 737, 98 S.E.2d 418 (1957).' Syl. Pt. 3, *State ex rel. Lemley v. Roberts*, 164 W.Va. 457, 260 S.E.2d 850 (1979), *overruled on other grounds by Stalnaker v. Roberts*, 168 W.Va. 593, 287 S.E.2d 166 (1981)." Syllabus Point 5, *State ex rel. Farber v. Mazzone*, 213 W.Va. 661, 584 S.E.2d 517 (2003).

Second, for the doctrine of res judicata to bar a subsequent action, the court entering judgment in the prior action is required to have possessed jurisdiction to render that judgment. *See* Syl. Pt. 4, *Blake v. Charleston Area Med. Ctr., Inc.*, 201 W. Va. 469, 498 S.E.2d 41 (1997) (holding that one of the elements necessary for res judicata to apply is a final adjudication on the merits by a court having jurisdiction of the proceedings). Here, petitioner argues that the magistrate court did not have personal jurisdiction over the proper defendant in the first action given respondent's filing of a complaint against petitioner rather than the corporation. *See State ex rel. West Virginia Truck Stop, Inc. v. Belcher*, 156 W. Va. 183, 187, 192 S.E.2d 229, 232 (1972) ("To hear and determine an action[,] the court must have jurisdiction of the parties.").

Petitioner further argues that West Virginia Code § 50-4-9 and Rule 5(b) of the West Virginia Rules of Civil Procedure for Magistrate Courts permit her to raise her claim in the second action. West Virginia Code § 50-4-9 provides that, in a magistrate court action:

3

A defendant in a civil action may file a counterclaim and if such counterclaim arises from the same transaction or occurrence that is the subject matter of the initial claim they shall be tried together. The failure to institute a counterclaim permitted by this section shall not preclude the institution of an action on such claim at a later date. The adjudication of the original claim shall not constitute res judicata as to any such permitted counterclaim nor shall it act as an estoppel as to such permitted counterclaim.

Rule 5(b) similarly provides that "[t]he failure of a defendant to institute a counterclaim permitted by this rule shall not preclude the institution of a separate action on such claim at a later time."

Here, we find that the clear language of West Virginia Code § 50-4-9 and Rule 5(b) precludes the circuit court's alternate ruling that the doctrine of laches bars the second action. As we held in the Syllabus of *Weller v. Moffett's Pharmacy, Inc.*, 167 W. Va. 199, 279 S.E.2d 196 (1981):

> Under the express terms of W.Va. Code, 50-4-9 (1978), a defendant in a civil action in magistrate court who fails to assert a counterclaim is not precluded from instituting an action on such claim at a later date, nor will the adjudication of the original claim constitute *res judicata* <u>or act as an estoppel as to any such counterclaim.</u>[2]

(Underlined emphasis and footnote added). In addition, there was no unreasonable delay because, as the circuit court itself found, petitioner filed the second action the same day she filed her appeal from the magistrate court's March 9, 2017, judgment order in the first action. *See State ex rel. Webb v. W.Va. Bd. of Medicine*, 203 W.Va. 234, 237, 506 S.E.2d 830, 833 (1998) ("The elements of laches consist of (1) unreasonable delay and (2) prejudice.") (Internal quotation and citations omitted). Therefore, we conclude that the circuit court's alternate ruling, that the doctrine of laches applies to this case, is erroneous.

With regard to the doctrine of res judicata, respondent argues that regardless of whether petitioner filed a counterclaim in the first action, she presented evidence to support such a claim in that action. Assuming arguendo that petitioner raised her claim in the first action, we find that we cannot determine whether the doctrine of res judicata applies on the present record given that the doctrine requires a final adjudication on the merits in the first action. In *Crouse v. Hobday*, No. 15-1186, 2016 WL 6835735 (W. Va. Nov. 21, 2016) (memorandum decision), the petitioners appealed a circuit court's order awarding summary judgment based on a prior magistrate court judgment against them. This Court in *Crouse* remanded the case to the circuit court for an evidentiary hearing as to whether the magistrate court held a bench trial in the prior action. *Id.* at

---

[2]The West Virginia Rules of Civil Procedure for Magistrate Courts were not promulgated until 1988.

*1. Here, while there is no dispute that the magistrate court held a bench trial in the first action,[3] the magistrate court's March 9, 2017, judgment order is silent as to whether it adjudicated petitioner's claim against respondent either as a setoff against respondent's claim or as an independent counterclaim. Therefore, we conclude that it is necessary to remand this case to the circuit court for an evidentiary hearing as to whether the magistrate court adjudicated petitioner's claim in the first action.

Because the magistrate court's alleged lack of personal jurisdiction in the first action affects the application of the doctrine of res judicata and also constitutes a separate issue, we direct that the circuit court further determine whether respondent improperly named petitioner in her personal capacity rather than the corporation as the defendant in the first action.[4] Therefore, we reverse the circuit court's November 19, 2018, order dismissing petitioner's appeal and remand this case for an evidentiary hearing as to whether, in the first action, (1) the magistrate court adjudicated petitioner's claim that respondent also owed her money; and (2) respondent improperly named petitioner in her personal capacity as the defendant rather than Wendy Elswick, Inc. d/b/a Fish Reporting Services.[5]

For the foregoing reasons, we reverse the circuit court's November 19, 2018, order dismissing petitioner's appeal and remand this case with directions.

Reversed and Remanded with Directions.

**ISSUED:** August 28, 2020

**CONCURRED IN BY:**
Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

---

[3]Petitioner argues that procedural irregularities surrounded the magistrate court's holding of the January 23, 2017, bench trial. However, as concluded above, because of petitioner's failure to file an appeal to this Court in the first action, all nonjurisdictional issues regarding that action are not before us.

[4]In *Laya v. Erin Homes, Inc.*, 177 W. Va. 343, 352 S.E.2d 93 (1986), we set forth standards for determining when the corporate veil may be pierced under the law of West Virginia.

[5]Should petitioner's action survive dismissal following the evidentiary hearing, she would be entitled to a trial de novo on her claim that respondent owed her money for providing respondent with audio proofreading services between 2014 and 2016. *See* W. Va. Code § 50-5-12(b) ("In the case of an appeal of a civil action tried before the magistrate without a jury, the hearing on the appeal before the circuit court shall be a trial de novo, triable to the court, without a jury."); W. Va. Rul. Civ. Proc. Magis. Cts. 18(d) ("An appeal of a civil action tried before a magistrate without a jury shall be by trial de novo in circuit court without a jury.").