Dora TASKER, et al., Plaintiffs,

v.

Leon H. GINSBERG, et al., Defendants.

Civ. A. No. 81–0254–E(H).

United States District Court,
N. D. West Virginia,
Elkins Division.

May 4, 1982.

Margaret Krecke, Legal Aid Society of Charleston, Heidi Weintraub, W. Va. Legal Services Plan, Inc., Mike Kelly, Appalachian Research & Defense Fund, Charleston, W. Va., Patricia Jackson, North Central W. Va. Legal Aid Society, Morgantown, W. Va., for plaintiffs.

Billie Gray, Deputy Atty. Gen., Charleston, W. Va., for defendants.

## MEMORANDUM OPINION AND ORDER

HADEN, District Judge.

In this action,[1] the Plaintiffs challenge a change implemented by the West Virginia Department of Welfare in its administration of the Aid to Families with Dependent Children—Incapacitated (AFDC–I) and Aid to Families with Dependent Children—Unemployed (AFDC–U)[2] programs. Under the new policy complained of, the spouse of the incapacitated or unemployed parent whose status establishes AFDC eligibility [hereinafter referred to as the spouse] is no longer included in the Department of Welfare's computation of the family's monthly AFDC money grant. This action is presently before the Court on the Plaintiffs' motion for summary judgment and on the Defendants' motion to dismiss for failure to state a claim upon which relief can be granted. The parties have filed memoranda in support of their respective motions. For the reasons set out below, this Court hereby denies the Plaintiffs' motion for summary judgment, grants the Defendants' motion to dismiss and ORDERS that this action be removed from the Court's docket.

### I. *Background*

On July 2, 1981, the West Virginia Department of Welfare issued a memorandum indicating that it was revising its AFDC–I and AFDC–U programs so as to exclude the spouse when computing a family's AFDC money grant.[3] Under the new program, however, the spouse can still receive food

---

1. Plaintiffs allege this Court's jurisdiction under 28 U.S.C. § 1343.

2. *See* 42 U.S.C. § 601, *et seq.*

3. Complaint, ¶ 18.

stamps[4] and medical assistance.[5] On or about July 20, 1981, the Plaintiffs received a form notice from the West Virginia Department of Welfare indicating that their spouses would no longer be included in the family's AFDC money payments, effective August 1, 1981.[6] As a result of the implementation of these changes in the Department of Welfare's administration of the AFDC–I and AFDC–U programs, the Plaintiffs' monthly family income has been reduced from Two Hundred Six ($206.00) Dollars to One Hundred Sixty-four ($164.00) Dollars.[7]

### II. *AFDC–I and AFDC–U Programs*

Congress enacted Title IV–A of the Social Security Act, 42 U.S.C. § 601, *et seq.*:

> "For the purpose of encouraging the care of dependent children in their own homes or in the homes of relatives by enabling each State to furnish financial assistance and rehabilitation and other services, as far as practicable under the conditions of such State, to needy dependent children and the parents or relatives with whom they are living to help maintain and strengthen family life and to help such parents or relatives to attain or retain capability for the maximum self-support and personal independence consistent with the maintenance of continuing parental care and protection . . . ." 42 U.S.C. § 601.[8]

Where AFDC eligibility is based upon either a parent's incapacity (Tasker) or unemployment (Harper), Section 406(b) of the Social Security Act, 42 U.S.C. § 606(b), defines the term "aid to dependent children." As initially enacted by Congress in 1935, Section 406(b) read as follows:

> "The term 'aid to dependent children' means *money payments* with respect to a dependent child or dependent children."

Act of August 14, 1935, 49 Stat. 629. Codified at 42 U.S.C. § 606(b) (emphasis added). This statutory definition of "aid to dependent children" was left unchanged until 1950 when Congress amended it to read as follows:

> "The term 'aid to dependent children' means money payments with respect to, or medical care in behalf of or any type of remedial care recognized under state law in behalf of a dependent child or dependent children, and . . . includes money payments or medical care or any type of remedial care recognized under state law for any month to meet the needs of the relative with whom any dependent child is living if money payments have been made under the state plan

---

**4.** *See* Exhibit B attached to the complaint.

**5.** *See* Exhibits A and B attached to the complaint.

**6.** On August 14, 1981, this Court, citing 45 C.F.R. § 205.10(a)(4)(i)(B), found Defendants' notice to be defective and issued a preliminary injunction. Under the express language of that injunction, however, the Defendants were permitted to reissue an adequate notice so as to implement their new policy subject to any modification mandated by this Court's final declaratory judgment.

**7.** Complaint, ¶ 21.

**8.** In addressing Title IV–A, the Supreme Court has held that:

> "[I]n the absence of congressional authorization for the exclusion clearly evidenced from the Social Security Act or its legislative history, a state eligibility standard that excludes persons eligible for assistance under AFDC standards violates the Social Security Act and is therefore invalid under the Supremacy Clause. We recognize the HEW regulations seem to imply that States may to some extent vary eligibility requirements from federal standards. However, the principle that accords substantial weight to interpretation of a federal statute by the department entrusted with its administration is inapplicable insofar as those regulations are inconsistent with the requirement of § 402(a)(10) [42 U.S.C. § 602(a)(10)] that aid be furnished 'to all eligible individuals.'

> \*   \*   \*   \*   \*   \*

> [A] State's interest in preserving the fiscal integrity of its welfare program by economically allocating limited AFDC resources may not be protected by the device of adopting eligibility requirements restricting the class . . . made eligible by federal standards. That interest may be protected by the State's 'undisputed power to set the level of benefits.' "

*Townsend v. Swank*, 404 U.S. 282, 286, 291, 92 S.Ct. 502, 506, 507, 30 L.Ed.2d 448 (1977).

with respect to such child for such month."

Act of August 28, 1950, 64 Stat. 551. Codified at 42 U.S.C. § 606(b). In 1962, Section 406(b) of the Social Security Act was amended so as to further broaden the definition of "aid to dependent children" to include the parenthetical phrase pertaining to spouses which is presently found in the statute. *See* Act of July 25, 1962, Pub.L. No.87–543, § 109, 76 Stat. 190, *reprinted in* [1962] U.S.Code Cong. & Ad.News 237. Codified at 42 U.S.C. § 606(b)(1). This statute presently reads in pertinent part as follows:

"The term 'aid to families with dependent children' means money payments with respect to, or ... medical care in behalf of or any type of remedial care recognized under state law in behalf of, a dependent child or dependent children, and includes (1) money payments *or* medical care *or* any type of remedial care recognized under state law to meet the needs of the relative with whom any dependent child is living (and the spouse of such relative if living with him and if such relative is the child's parent and the child is a dependent child by reason of the physical or mental incapacity of a parent or is a dependent child under Section 407 [42 U.S.C. § 606] ) ...."

42 U.S.C. § 606(b) (emphasis added).

The case at bar is to be resolved on the proper construction of this statute. While conceding that the Plaintiffs' spouses are mandatorily eligible for either AFDC–I or AFDC–U benefits,[9] the Defendants rely on Section 406(b)'s disjunctive language and argue that they are free to provide such benefits in the form of either "money pay-

ments *or* medical care *or* any type of remedial care recognized under State law to meet the needs of the ... [eligible] spouse ...." 42 U.S.C. § 606(b)(1) (emphasis added). The Plaintiffs, on the other hand, argue that Section 406(b)(1)'s disjunctive language has been repealed by the enactment of Title XIX of the Social Security Act, 42 U.S.C. § 1396, *et seq.*, and conclude that AFDC benefits can only be made in the form of money payments.

■ This Court must commence its examination of Section 406(b) with the language of the statute itself. *Watt v. Alaska,* 451 U.S. 259, 265, 101 S.Ct. 1673, 1677, 68 L.Ed.2d 80 (1981). While Section 402(a)(10) requires "that aid to families with dependent children shall ... be furnished with reasonable promptness to all eligible individuals [spouses]," Section 406(b)(1) clearly indicates that such aid may take the form of either "money payments *or* medical care *or* any type of remedial care recognized under State law ...." In the case at bar, the West Virginia Department of Welfare has implemented a new policy whereby the spouse is no longer considered when computing the amount of the family's monthly AFDC money grant. Under the Department's new policy, however, the spouse still receives medical care and [in the case of Plaintiff Glenda Harper][10] food stamps. This Court finds, therefore, that the Department's new policy does not run afoul of Section 406(b)(1)'s clearly disjunctive language.

■ The Court's analysis cannot end here, however, since Plaintiffs argue that Section 406(b)(1)'s disjunctive language has been repealed by the enactment of Title XIX of the Social Security Act. In particu-

---

9. "As to AFDC, the law is indeed clear. Each State is entirely free to set its own monetary standard of need and level of benefits .... But the States are not free to narrow the federal standards that define the categories of people eligible for aid. Beginning with *King v. Smith, supra,* this Court has consistently held that States participating in the AFDC program must make assistance available to *all* persons who meet the criteria of § 406(a) of the Act .... The statutory foundation for this conclusion is § 402(a)(10),

which requires that a State's 'plan for aid and services to needy families with children' must provide that 'aid to families with dependent children shall be furnished with reasonable promptness to all eligible individuals.' 42 U.S.C. § 602(a)(10)." *Quern v. Mandley,* 436 U.S. 725, 98 S.Ct. 2068, 56 L.Ed.2d 658 (1978).

10. *See* Plaintiffs' Exhibit B attached to the complaint.

lar, the Plaintiffs contend that the language [11] and legislative history [12] of Section 121(b) of Public Law No. 89–97 evidences Congress' intention to repeal Section 406(b)(1)'s disjunctive language, so that Section 406(b)(1) must now be read to limit the definition of "aid to families with dependent children" to money payments exclusively. If the Plaintiffs are correct in their contention, the Defendants' new policy would violate Section 402(a)(10)'s requirement "that aid [money payments] to families with dependent children shall ... be furnished with reasonable promptness to all eligible individuals [spouses] ...." *Cf., Townsend v. Swank, supra,* at nt. 8.

In considering Plaintiffs' argument, this Court is mindful of the fact that the Supreme Court has repeatedly stated that it is a:

"'[C]ardinal rule ... that repeals by implication are not favored.' *Posadas v. National City Bank,* 296 U.S. 497, 503 [56 S.Ct. 349, 352, 80 L.Ed. 351] (1936); *Wood v. United States,* 16 Pet. 342–343, 363 [10 L.Ed. 987] (1842); *Universal Interpretive Shuttle Corp. v. Washington Metropolitan Area Transit Co. Mm'n,* 393 U.S. 186, 193 [89 S.Ct. 354, 358, 21 L.Ed.2d 334] (1968).

\*   \*   \*   \*   \*   \*

In the absence of some affirmative showing of an intention to repeal, the only permissible justification for a repeal by implication is when the earlier and latter statutes are irreconcilable. *Georgia v. Pennsylvania R. Co.,* 324 U.S. 439,

456–457 [65 S.Ct. 716, 725–26, 89 L.Ed. 1051] (1945).

\*   \*   \*   \*   \*   \*

The courts are not at liberty to pick and choose among congressional enactments, and when two statutes are capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective. 'When there are two acts upon the same subject, the rule is to give effect to both if possible ....' The intention of the legislature to repeal 'must be clear and manifest.' *United States v. Borden Co.,* 308 U.S. 188, 198 [60 S.Ct. 182, 188, 84 L.Ed. 181] (1939)."

*Morton v. Mancari,* 417 U.S. 535, 549–50, 551, 94 S.Ct. 2474, 2482, 2483, 41 L.Ed.2d 290 (1974). *See also Watt v. Alaska,* 451 U.S. 259, 101 S.Ct. 1673, 68 L.Ed.2d 80 (1981); *Izaak Walton League of America v. Marsh,* 655 F.2d 346 (D.C.Cir.1981); *Columbia Gas Development Corp. v. Federal Energy Regulatory Commission,* 651 F.2d 1146 (5th Cir. 1981); *West Virginia Division of the Izaak Walton League of America v. Butz,* 522 F.2d 945 (4th Cir. 1975).

In 1965, Congress enacted Title XIX of the Social Security Act, Pub.L.No.89–97, 42 U.S.C. § 1396, *et seq.* The clear language of Section 121(b) of Pub.L.No.89–97 [13] would seem to evidence Congress' intention to delete "medical care" from Section 406(b)(1)'s disjunctive definition of aid to families with dependent children. Such an interpretation is supported by the remarks

---

11. "No payment may be made to any state under Title I, IV, X, XIV or XVI of the Social Security Act with respect to aid or assistance in the form of medical or any types of remedial care for any period for which such state receives payments under Title XIX of such Act, or for any period after December 31, 1969."

Act of July 30, 1965, Pub.L.No.89–97, § 121(b), 79 Stat. 352, *reprinted in* [1965] U.S.Code Cong. & Ad.News 380. Codified at 42 U.S.C. § 1396b nt.

12. "The House provided that all the medical programs under the Titles were to terminate on June 30, 1967, and that the medical programs would have to be made available to the States under Title XIX. The Senate gave

the States the option of continuing existing law or going under the new Title XIX.

The conference agreement would terminate all these existing programs on December 31, 1969, with the result that beginning in 1970, the only program of medical care that the States could have to which we would make contribution would be the Title XIX program, the Kerr-Mills program."

Statement by the Hon. Wilbur D. Mills, Chairman of the House Committee on Ways and Means, in explanation of the conference report on H.R. 6675 [1965] U.S.Code Cong. & Ad. News, 2289, 2291.

13. *See* note 11, *supra.*

of Congressman Mills upon the enactment of Pub.L.No.89–97.[14] It would seem, therefore, that it was "the intent of Congress [in enacting Section 121(b)] to provide for medical care through the new Medicaid, Title XIX program"[15] exclusively, and to avoid the duplication of medical care under Titles I, IV, X, XIV and XVI of the Social Security Act.

Assuming, without deciding, that such is the case so that "medical care" has been deleted from Section 406(b)(1)'s disjunctive definition of aid to families with dependent children, such definition would still include "money payments . . . or any type of remedial care recognized under State law [so long as such remedial care is not duplicative of Title XIX aid]." In the case at bar, the Plaintiffs have only alleged that the West Virginia Department of Welfare excludes the spouses when computing the Plaintiffs' AFDC money payments. The Plaintiffs have not alleged, however, that the Defendants' new policy excludes the spouses from all other "type[s] of remedial care recognized under State law."[16] 42 U.S.C. § 606(b)(1). This Court finds, therefore, that the Plaintiffs are actually only complaining about the level of their AFDC benefits. As a result, the Plaintiffs have failed to state a cause of action against the Defendants upon which relief can be granted. *Cf., Townsend v. Swank, supra,* at n. 9. Accordingly, this Court hereby grants Defendants' motion to dismiss and ORDERS that this action be removed from the Court's docket.

The Clerk is directed to send a certified copy of this Memorandum Opinion and Order to counsel of record.

---

**14.** See note 12, *supra.*

**15.** Plaintiffs' memorandum in support of their motion for summary judgment, at 3.

**16.** Rather, in the case of Plaintiff, Glenda Harper, the complaint indicates that she remains eligible for food stamps. *See* Plaintiffs' Exhibit B attached to the complaint. *Cf.,* 7 U.S.C. § 2011, *et seq.; W.Va.Code,* Chapter 9, Articles 1–3.