434 S.E.2d 379

**RITE AID OF WEST VIRGINIA, INC., Plaintiff Below, Appellant,**

**v.**

**The CITY OF CHARLESTON, a Municipal Corporation; The City of St. Albans, a Municipal Corporation; and the West Virginia Municipal League, Inc., a West Virginia Corporation, Defendants Below, Appellees.**

No. 21498.

Supreme Court of Appeals of West Virginia.

Submitted May 11, 1993.

Decided July 15, 1993.

Paul M. Friedberg, Frances W. McCoy, Lewis, Friedberg, Glasser, Casey & Rollins, Charleston, for Rite Aid of West Virginia, Inc.

Thomas M. Hayes, City Atty., Charleston, for the City of Charleston.

Dennis R. Vaughan, Jr., Vaughan & Withrow, Charleston, for West Virginia Mun. League, Inc.

NEELY, Justice.

Rite Aid of West Virginia, Inc. appeals an order of the Circuit Court of Kanawha County allowing the Cities of Charleston and St. Albans to impose a license fee on Rite Aid as a condition upon Rite Aid's sale of liquor. *W. Va. Code* 60–4–18 [1935] specifically prohibits cities from imposing a fee or a special tax as a condition upon the exercise of a state-issued liquor license. Therefore, we reverse.

The parties have stipulated the following facts:

Pursuant to *W. Va. Code* 60–3A–1 [1990], *et seq.*, Rite Aid was granted retail liquor licenses by the State of West Virginia to sell liquor in the Cities of Charleston and St. Albans and in other cities.[1] *W. Va. Code* 60–3A–12 [1990] requires a retail liquor outlet to pay the State of West Virginia an annual license fee upon each license.

After Rite Aid acquired retail liquor licenses, the cities adopted ordinances imposing a municipal license fee on retail outlets selling liquor. Under the ordinances, Rite Aid must pay a municipal retail license fee to the municipality in which it is located before the issuance of a municipal retail license by appellees. If we accept the cities' position, it would be unlawful to sell liquor at retail.

*W. Va. Code* 60–4–18 [1935] provides:

A municipal corporation shall not impose a fee or a special tax as a condition upon the exercise of a license issued under the provisions of this Chapter.

Chapter 60 of the West Virginia *Code* is the "Liquor Control Act" enacted by the West Virginia Legislature in 1935. Section 18 of Article IV (quoted above) has not been amended since. In 1990 the West Virginia Legislature passed the "State Retail Liquor License Act" under which private applicants replaced the State as sellers of liquor at retail.

We address in turn the five points raised by the appellees:

First, appellees maintain that *W. Va. Code* 8–13–4 [1969] allows them to impose an additional tax on any license issued by the state. However, the same statute expressly withdraws that power if prohibited in a state statute. *W. Va. Code* 8–13–4 [1990] provides:

Whenever anything, for which a state license is required, is to be done within the corporate limits of any municipality, the governing body thereof shall have plenary power and authority, *unless prohibited by general law*, to require a municipal license therefor and for the use of the municipality to impose a reasonable tax thereon which may not exceed the amount of the state license tax. Upon proper application for such municipal license and payment of the prescribed rea-

---

1. For purposes of this appeal, the cities of Ansted, Clarksburg, Madison, Montgomery, St. Mary's, Mannington, Gilbert, Nutter Fork, Northfork and Kingwood, West Virginia, all municipalities within which appellant was granted retail liquor licenses by the State of West Virginia, entered into agreements empowering the WVML to represent their interests and binding themselves to the decision of this Court.

sonable tax by any person who has a valid and subsisting state license, such municipal license shall be issued.

[Emphasis added]. If the words "... unless prohibited by general law ..." of *W.Va.Code* 8–13–4 [1969] are to have any meaning, then the specific prohibitions set forth in *W.Va.Code* 60–4–18 [1935] must be recognized. Because *W.Va.Code* 60–4–18 [1935] specifically exempts municipalities from imposing a tax or fee as a condition upon the exercise of a state-granted retail liquor license, the municipality is without authority to do the same.

Second, appellees contend that *W.Va.Code* 60–4–18 [1935] was repealed by implication when the Legislature substantially amended the "Liquor Control Act" in 1990. Despite the wide-scale changes to the Act, the Legislature left *W.Va.Code* 60–4–18 [1935] wholly intact. In the absence of the Legislature's affirmative showing of its intention to repeal a statute, the only permissible justification for a repeal by implication is that earlier and the latter statutes are irreconcilable. *Tasker v. Ginsberg*, 538 F.Supp. 321, 325 (N.D.W.Va.1982). There is no state statute in conflict with *W.Va.Code* 60–4–18 [1935].

Third, appellees maintain that because the *W.Va.Code* 60–4–18 [1935] does not conflict with the municipal ordinances at issue, the ordinances are valid. Obviously, the ordinances are wholly inconsistent with *W.Va.Code*, 60–4–18 [1935]: the municipal ordinances impose a tax; the statute expressly exempts imposition of such a tax. As we said in *Davidson v. Shoney's Big Boy Restaurant*, 181 W.Va. 65, 68, 380 S.E.2d 232, 235 (1989), whenever a provision of a municipal ordinance conflicts with a state statute, the statute prevails and the municipal ordinance is of no force or effect. The municipal ordinances at issue are thus invalid.

Fourth, appellees construe the words "shall not" in *W.Va.Code*, 60–4–18 [1935] as a discretionary directive which gives cities the right to impose a tax on liquor licensees. It is well-established, however, that the word "shall" in the absence of language in the statute which show a contrary intent on the part of the Legislature should be afforded a mandatory connotation. *Johnson v. Commissioner, Department of Motor Vehicles*, 178 W.Va. 675, 677, 363 S.E.2d 752, 754 (1987). Moreover, when the language of a statute is clear and unambiguous, the courts will apply, not construe such language. *State ex rel. Dewey Portland Cement Company v. O'Brien*, 142 W.Va. 451, 465, 96 S.E.2d 171, 179 (1956). The language of *W.Va. Code* 60–4–18 [1935] could be no more clear or less unambiguous and leaves little room for anything but the most farfetched efforts at interpretation.

Finally, appellees argue that the express provision of the State Retail Liquor License Act to "[p]reserve and continue the tax base of counties and municipalities derived from the retail sale of liquor" gives them a pre-existing right to impose taxes upon holders of retail liquor licenses. *W.Va. Code* 60–3A–2(b)(3) [1990]. However, despite the prohibition against municipal taxation of retail liquor licensees in *W.Va. Code* 60–4–18 [1935], the Legislature safeguarded the cities' recognized need for money by imposing a five percent sales tax upon all purchases of liquor from retail licensees under *W.Va.Code* 60–3A–21 [1990]. In short, that municipalities may not impose additional fees on retail liquor licensees does not preclude their collection of much-needed money in the form of a hefty *municipal* sales tax. This indeed adds further weight to our conclusion that it was no oversight that *W.Va.Code* 60–4–18 [1935] was left on the books because the Legislature made express provision for a municipal honeypot in the new statutory scheme.

For the foregoing reasons, we reverse the finding of the Circuit Court, enter a declaratory judgment in favor of the appellant, and hold the municipal ordinances at issue to be invalid.

Reversed.