363 S.E.2d 752

**Kenneth L. JOHNSON**

**v.**

**COMMISSIONER, DEPARTMENT OF MOTOR VEHICLES, State of West Virginia.**

**No. 17570.**

Supreme Court of Appeals of West Virginia.

Dec. 9, 1987.

S.J. Angotti, Morgantown, for Johnson.

Charlie Brown, Atty. Gen., Scott A. Ash, Asst. Atty. Gen., for Com'r, Dept. of Motor Vehicles.

McGRAW, Chief Justice:

This case is before this Court on an appeal by the Commissioner of the West Virginia Department of Motor Vehicles from a final order entered by the Circuit Court of Monongalia County on July 10, 1986, which modified the commissioner's order revoking the appellee's license to operate a motor vehicle in this state for a period of six months. The circuit court modified the revocation to make it effective only on weekends for a period of six months, except those weekends when the appellee is required to work. The circuit court also ordered that the appellee perform community service one weekend per month for a period of twelve months.

The commissioner primarily contends that, by ordering that the commissioner's revocation order be modified to impose sanctions not authorized by West Virginia Code § 17C–5A–2 (1986 Replacement Vol.), the circuit court exceeded its general authority to review contested administrative cases under West Virginia Code § 29A–5–4 (1986 Replacement Vol.). This Court agrees with the appellant's contention and hereby reverses the circuit court's modification order.

## I.

The appellee, Kenneth L. Johnson, was arrested in Morgantown, West Virginia, on September 1, 1984, for driving a vehicle while under the influence of alcohol, the offense described in West Virginia Code § 17C–5–2(d)(1)(A) (1986 Replacement Vol.). As required by West Virginia Code § 17C–5A–1(b) (1986 Replacement Vol.), the arresting officer initiated administrative revocation proceedings against the appellee by filing a written statement and report with the Department of Motor Vehicles.

Pursuant to West Virginia Code § 17C–5A–1(c) (1986 Replacement Vol.),[1] the commissioner reviewed the officer's report and determined that the appellee had been arrested for an offense described in West Virginia Code § 17C–5–2, and that at the time he was arrested he was under the influence of alcohol. By letter dated September 11, 1984, the Department of Motor Vehicles notified the appellee that his license had been revoked because he had driven a motor vehicle in this state while under the influence of alcohol. Upon the appellee's request, an administrative hearing was held before the commissioner's duly appointed hearing examiner. W.Va. Code § 17C–5A–2(d) (1986 Replacement Vol.). On January 9, 1985, the hearing examiner entered an order stating the factual finding that the appellee had operated a vehicle in this state while under the influence of alcohol, and ordered that the appellee's license be revoked for a period of six months.[2]

1. West Virginia Code § 17C–5A–1(c) provides, in relevant part, as follows:

    (c) If, upon examination of the written statement of the officer and the test results described in subsection (b) of this section, the commissioner shall determine that a person was arrested for an offense described in section two [§ 17C–5–2], article five of this chapter or for an offense described in a municipal ordinance which has the same elements as an offense described in said section two [§ 17C–5–2] of article five, and that ... at the time the person was arrested he was under the influence of alcohol, controlled substances or drugs, the commissioner shall make and enter an order revoking such person's license to operate a motor vehicle in this state. A copy of such order shall be forwarded to such person by registered or certified mail, return receipt requested, and shall contain the reasons for the revocation and the revocation periods provided for in section two [§ 17C–5–2] of this article. No revocation shall be

    effective until ten days after receipt of a copy of such order.

2. The pertinent portions of that order read as follows:

    WHEREFORE, based on the findings set forth above, I hereby conclude as a matter of law that Kenneth L. Johnson committed an offense described in W.Va.Code 17C–5–2, in that he operated a motor vehicle in this State while under the influence of alcohol.

    Accordingly, I hereby order that Kenneth L. Johnson's license to operate a motor vehicle, license number XX80055, be revoked for a minimum period of six months and thereafter until Kenneth L. Johnson successfully completes the Safety and Treatment Program and pays all costs of the Program and all costs assessed as a result of the revocation hearing. If Kenneth L. Johnson completes the prescribed Safety and Treatment Program and pays all costs assessed as a result of the revocation hearing, Kenneth L. Johnson's license

The appellee, as authorized by West Virginia Code § 29A-5-4, appealed the commissioner's order to the Circuit Court of Monongalia County. That statute is a part of this state's administrative procedures act and generally provides for judicial review of contested administrative cases, allowing a court to reverse, vacate, or modify an agency's decision on certain grounds.[3] The appellee asserted before the circuit court that the commissioner's revocation order should be reversed on the grounds that it was made upon unlawful procedures, that it was affected by other errors of law, and that it was clearly wrong in view of the whole record. On July 10, 1986, after hearing arguments of counsel and reviewing the administrative record, the circuit court judge entered an order modifying the six month revocation as follows:

> It is therefore ORDERED that the defendant's license be and is hereby revoked for a period of six (6) months, but just for the week-end, to-wit: from Friday at 6:00 p.m. until Sunday at 6:00 p.m., except if the defendant is working on the week-ends. It is further ORDERED that one (1) week-end per month for twelve (12) months, the defendant shall perform community service by picking up trash and litter around the Canyon area.

The record is silent as to the circuit court's findings of fact, conclusions of law, and grounds for modifying the commissioner's revocation order.

## II.

The principal issue raised on appeal is whether the circuit court exceeded its statutory authority to review the commissioner's administrative revocation order. The circuit court ordered modification of the sanctions imposed against the appellee for driving a vehicle in this state while under the influence of alcohol, apparently relying on the general power of judicial review set out in Code § 29A-5-4(g). For the reasons stated below, this Court concludes that, unless grounds for reversal existed under the provisions of West Virginia Code § 29A-5-4(g), the circuit court lacked authority to disturb the commissioner's revocation order. *See, e.g., Conner v. Civil Service Commission,* 175 W.Va. 127, 129, 331 S.E.2d 858, 861 (1985); *Johnson v. State Department of Motor Vehicles,* 173 W.Va. 565, 569, 318 S.E.2d 616, 620 (1984); *Shepherdstown Volunteer Fire Department v. West Virginia Human Rights Commission,* 172 W.Va. 627, 309 S.E.2d 342 (1983).

West Virginia Code § 17C-5A-2(i) mandates the sanction to be imposed against a person who drives a motor vehicle in this state while under the influence of alcohol: "If the commissioner finds by a preponderance of the evidence that the person did drive a motor vehicle while under the influence of alcohol ... the commissioner *shall* revoke the person's license for a period of six months." (emphasis added). "It is well established that the word 'shall,' in the absence of language in the statute showing a contrary intent on the part of the Legislature, should be afforded a mandatory connotation." Syl. Pt. 1, *Nelson v. West Virginia Public Employees Insurance Board,* 171 W.Va. 445, 300 S.E.2d 86 (1982).

The administrative sanction of license revocation is intended to protect the public from persons who drive under the influence of alcohol. *Shell v. Bechtold,* 175 W.Va.

---

may, in the Commissioner's discretion, be reinstated after ninety days.

**3.** West Virginia Code § 29A-5-4(g) provides, in pertinent part, that:

(g) The court may affirm the order or decision of the agency or remand the case for further proceedings. It shall reverse, vacate or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decision or order are:

(1) In violation of constitutional or statutory provisions; or

(2) In excess of the statutory authority or jurisdiction of the agency; or

(3) Made upon unlawful procedures; or

(4) Affected by other error of law; or

(5) Clearly wrong in view of the reliable, probative and substantial evidence on the whole record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

792, 338 S.E.2d 393, 396 (1985). The circuit court's general power to review upon appeal does not give the circuit court authority to modify the legislature's specific mandate that the license of a person who drives under the influence of alcohol shall be revoked for a period of six months.[4] Until 1981, license revocation for driving under the influence of alcohol was controlled by West Virginia Code § 17C–5–2 (Supp.1980). Under the former Code provision, the legislature provided for circuit courts to issue temporary limited operator's licenses to first time offenders attending an alcohol and drug countermeasure school so that they could drive to work and school. In 1981, however, this procedure was replaced by a section providing for administrative procedures for revoking and reissuing the licenses of persons who drive a motor vehicle while under the influence of alcohol. W.Va.Code § 17C–5A–1 to –4. This new statute is the one applicable to this case. As noted by the appellant, the new act does not provide for the courts to issue temporary or restricted licenses as authorized by the former act. It is well settled that "[t]he Legislature must be presumed to know the language employed in former acts, and, if in a subsequent statute on the same subject it uses different language in the same connection, the court must presume that a change in the law was intended." Syl. Pt. 2, *Hall v. Baylous*, 109 W.Va. 1, 153 S.E. 293 (1930).

In simultaneously construing the provisions of West Virginia Code § 29A–5–4(g) and West Virginia Code § 17C–5A–2(i), this Court must give precedence to the specific, mandatory revocation provision prescribed by the legislature. *See* Syl. Pt. 1, *UMWA*

*By Trumka v. Kingdon,* 174 W.Va. 330, 325 S.E.2d 120 (1984). Accordingly, we hold that the Circuit Court of Monongalia County lacked authority, under West Virginia Code §§ 29A–5–4 and 17C–5A–2(i), to modify the revocation sanction imposed by the commissioner. The circuit court's order is therefore reversed, and this case is remanded for entry of an order affirming the commissioner's revocation order.[5]

Reversed and remanded.

---

4. Reissuance of the license to operate a motor vehicle in this state before the end of six months is permitted only under West Virginia Code § 17C–5A–3(b)(2)(A) (1986 Replacement Vol.), which provides that the commissioner may reissue a license in ninety days if the offender completes a prescribed program and pays all assessed costs.

5. The matter involved on this appeal arises not from a criminal prosecution, but from an ad-

ministrative license revocation. The administrative sanction of license revocation is not penal in nature. *Shell v. Bechtold,* 175 W.Va. at 796, 338 S.E.2d at 396. The sentencing alternatives set forth in West Virginia Code § 62–11A–1a(a)(3) (Supp.1987), which are cited by the appellee as justification for the circuit court's modification order, are therefore not applicable to the judicial review of an administrative decision.