412 S.E.2d 235

Angela C. BRADLEY, Appellee,

v.

The WEST VIRGINIA DEPARTMENT
OF MOTOR VEHICLES,
Appellant.

No. 19955.

Supreme Court of Appeals of
West Virginia.

Submitted Sept. 24, 1991.

Decided Dec. 6, 1991.

Mario J. Palumbo, Atty. Gen., Andrew F. Tarr, Asst. Atty. Gen., Charleston, for appellant.

Clark B. Frame, Wilson, Frame & Metheney, Morgantown, for appellee.

PER CURIAM:

The Department of Motor Vehicles appeals the final order of the Circuit Court of Monongalia County, which modified the Department's order revoking Angela C. Bradley's license to drive in West Virginia for a period of ten (10) years. The circuit court modified the revocation to permit Ms. Bradley to drive to and from work. Because *W.Va.Code*, 17C–5A–2(i) [1986], mandates that if the Department's commissioner has previously suspended or revoked a person's license, the "period of revocation [for the

second offense] shall be ten years," we reverse the decision of the circuit court.

## I

On March 6, 1988, Ms. Bradley was arrested in Monongalia County for driving a vehicle while under the influence of alcohol, the offense described in *W.Va.Code*, 17C–5–2(d) [1986].[1] As required by *W.Va. Code*, 17C–5A–1(b) [1986], administrative proceedings to revoke Ms. Bradley's license began.

As part of the administrative remedy, the Department, by final order dated November 16, 1989, revoked Ms. Bradley's license for ten (10) years because this was her second revocation for driving under the influence. Ms. Bradley's first revocation occurred on January 16, 1987, as the result of her conviction for driving under the influence in South Carolina.

Ms. Bradley appealed the ten (10) year revocation to the circuit court under *W.Va. Code*, 29A–5–4 [1964]. The circuit court affirmed the Department's revocation of Ms. Bradley's license but modified the revocation to permit Ms. Bradley to drive "going to and returning home from her place of employment." The record is silent as to the circuit court's findings of fact, conclusions of law, and grounds for modifying the Department's revocation order.

The Department then appealed to this Court alleging that the circuit court exceeded his statutory authority to review the Department's revocation order by modifying the order to allow some driving. Because we find that the modification of the revocation order exceeded the circuit court's statutory authority, we reverse the decision of the circuit court.

## II

■ *W.Va.Code*, 17C–5A–2(i) [1986], mandates the sanction to be imposed against a person whose license was previously suspended or revoked and, for the second time, drives a motor vehicle while under the influence of alcohol:

If the commissioner finds by a preponderance of the evidence that the person did drive a motor vehicle while under the influence of alcohol ..., the commissioner shall revoke the person's license for a period of six months: Provided, That if the commissioner has previously suspended or revoked the person's license under the provisions of this section or section one [§ 17C–5A–1] of this article, the period of revocation *shall* be ten years.... (Emphasis added.)

In *Johnson v. Commissioner, Department of Motor Vehicles*, 178 W.Va. 675, 363 S.E.2d 752 (1987), we discussed a similar case in which a circuit court modified a six (6) month revocation order to make it effective only on weekends when Mr. Johnson was not working. In *Johnson,* we found the six month administrative sanction of *W.Va.Code*, 17C–5A–2 [1986], mandatory.

West Virginia Code § 17C–5A–2(i) (1986 Replacement Vol.) mandates the sanction to be imposed against a person who drives a motor vehicle in this state while under the influence of alcohol: "If the commissioner finds by a preponderance of the evidence that the person did drive a motor vehicle while under the influence of alcohol ... the commissioner shall revoke the person's license for a period of six months."

Syllabus Point 1, *Johnson, supra.*

■ " 'It is well established that the word "shall," in the absence of language in the statute showing a contrary intent on the part of the Legislature, should be afforded a mandatory connotation.' Syl.Pt. 1, *Nelson v. West Virginia Public Employees Insurance Board*, 171 W.Va. 445, 300 S.E.2d 86 (1982)." Syllabus Point 2, *Johnson, supra.*

In *Johnson,* we noted that prior to 1981, the statute then in effect permitted circuit courts to issue a temporary limited operator's license. *Johnson, id.* 178 W.Va. at 678, 363 S.E.2d at 755. In 1981, the Legis-

---

1. *W.Va.Code,* 17C–5–2(d) [1986], provides, in pertinent part:

(d) Any person who:

(1) Drives a vehicle in this state while:

(A) He is under the influence of alcohol, ...

(2) Shall be guilty of a misdemeanor....

lature replaced this section with the administrative procedures found in *W.Va.Code*, 17C–5A–1 to –4 [1991], which do "not provide for the courts to issue temporary or restricted licenses as authorized by the former act." *Johnson, id.* 178 W.Va. at 678, 363 S.E.2d at 755.

 The circuit court's authority to review an administrative agency's decision is found in *W.Va.Code*, 29A–5–4(g) [1964], which provides:

The court may affirm the order or decision of the agency or remand the case for further proceedings. It shall reverse, vacate or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decision or order are:

(1) In violation of constitutional or statutory provisions; or

(2) In excess of the statutory authority or jurisdiction of the agency; or

(3) Made upon unlawful procedures; or

(4) Affected by other error of law; or

(5) Clearly wrong in view of the reliable, probative and substantial evidence on the whole record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

In the present case, the circuit court in modifying the ten (10) year revocation order to allow restricted driving, exceeded his statutory authority to review the administrative order.

Accordingly, we hold that the Circuit Court of Monongalia County lacked authority under *W.Va.Code* §§ 29A–5–4 [1964] and 17C–5A–2(i) [1986], to modify the ten (10) year revocation sanction imposed by the Department.[2] Therefore, the order of the circuit court is reversed, and this case is remanded for entry of an order affirm-

ing the Department's ten (10) year revocation order.

Reversed and remanded.

---

2. The appeal arises from an administrative license revocation and does not arise from a criminal prosecution. *See, Shumate v. West Virginia Department of Motor Vehicles*, 182 W.Va. 810, 392 S.E.2d 701 (1990), for a discussion of the distinctions between administrative and criminal proceedings for driving under the influence.