772 S.E.2d 609

**STATE of West Virginia ex rel. WEST VIRGINIA CONSOLIDATED PUBLIC RETIREMENT BOARD, as Administrator of the West Virginia Employees' Retirement System, Petitioner**

v.

**The Honorable David W. NIBERT, Judge of the Circuit Court of Mason County; and Michael Whalen, Respondents.**

No. 14–1250.

Supreme Court of Appeals of West Virginia.

Submitted April 7, 2015.

Decided April 13, 2015.

J. Jeaneen Legato, Esq., West Virginia Consolidated Public Retirement Board, Charleston, WV, for the Petitioner.

William B. Summers, Esq., Summers & Associates, Parkersburg, WV, for Respondent Michael Whalen.

Justice KETCHUM:

Petitioner West Virginia Consolidated Public Retirement Board, as administrator of the West Virginia Public Employees Retirement System ("Retirement Board" or "Board"), invokes this Court's original jurisdiction in prohibition to challenge the Circuit Court of Mason County's November 13, 2014, order granting Respondent Michael Whalen's ("Mr. Whalen") motion for summary judgment and denying the Retirement Board's motion for summary judgment and motion to dismiss.

In 1998, the Retirement Board ruled that a $60,000.00 "buyout" payment received by Mr. Whalen in 1996 did not constitute "salary" and would not be included when calculating his retirement annuity benefit. Mr. Whalen filed a complaint in the Circuit Court of Mason County in 2001 that was, in essence, an appeal of the Retirement Board's 1998 final order. Both the Circuit Court of Mason County and Mr. Whalen agree that the 2001 complaint is an appeal of the Retirement Board's 1998 final order.

The Retirement Board contends that Mr. Whalen's appeal was not filed within the thirty-day period specified in W.Va.Code 29A–5–4(b) [1998], of the State Administrative Procedure Act, and that the circuit court exceeded its jurisdiction in ruling that Mr. Whalen's appeal was timely.

Upon review, this Court concludes that Mr. Whalen's appeal was not filed within the time period specified in W.Va.Code § 29A–5–4(b), and that, consequently, the Retirement Board is entitled to relief in prohibition. We therefore grant the requested writ of prohibition.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Mr. Whalen entered into a four-year contract with the Mason County Board of Education to serve as the superintendent of schools on January 23, 1993. In 1996, Mr. Whalen and the Board of Education entered into a settlement agreement in which Mr. Whalen agreed to forego the final year of his superintendent contract in exchange for a lump sum payment of $60,000.00.[1] Mr. Whalen retired on July 1, 1997.[2]

On August 27, 1997, the Retirement Board sent a letter to Mr. Whalen, advising him that the $60,000.00 payment he received in the 1996 settlement agreement was not considered "salary" and would not be included as part of his final average salary when calculating his retirement annuity benefit. This letter provides:

Your salary for the fiscal year 1996–97 was $60,000.00 and you are wanting us to add the $60,000.00 buyout and use $120,000.00 in the computation of your final average salary. As I explained we cannot do this as the buyout money was

---

1. The Retirement Board's 1998 order describes the circumstances that led to this settlement agreement: "In 1996, as a result of the election of different members of the Board of Education and centering around the issue of consolidation, [Mr. Whalen] was asked to resign as of the end of the 1995–96 school year, thereby foregoing the final year of his contract."

2. Mr. Whalen was employed by the Board of Education in a non-superintendent capacity during the 1996–97 school year and received a salary of $36,850.00.

not full compensation paid to you for services performed.

On November 5, 1996 our attorney, Kenneth E. Webb, Jr., wrote an opinion on your case stating that the "$60,000.00 buyout payment should not be considered [salary]."

On January 29, 1998, Mr. Whalen filed an administrative appeal requesting that the $60,000.00 buyout payment be considered "salary" when calculating his retirement annuity benefit. The Retirement Board held a hearing on Mr. Whalen's administrative appeal on March 26, 1998. Mr. Whalen was represented at this hearing by Edward Stephenson, a non-lawyer West Virginia Education Association (WVEA) Representative. A recommended decision on Mr. Whalen's administrative appeal was completed by a hearing officer on March 31, 1998, who concluded that "the payment in question was not salary but agreed-upon damages for an anticipated breach of contract. It must accordingly be concluded that the $60,000.00 payment may not be included in the calculation of final average salary for the purpose of determining the annuity benefit."

The Retirement Board met on June 30, 1998, and adopted the hearing officer's recommended decision. On July 1, 1998, the Retirement Board's executive secretary, James L. Sims, sent a certified letter to Mr. Whalen's WVEA representative, Mr. Stephenson, advising Mr. Whalen that the Board had adopted the hearing officer's recommended decision. This letter included a copy of the Retirement Board's final order which was signed by James L. Sims and dated July 1, 1998.

After receiving this notice, Mr. Whalen obtained legal counsel, James M. Casey. In August 1998, Lawyer Casey sent a letter to the Retirement Board, inquiring about the status of Mr. Whalen's administrative appeal. The Retirement Board replied by letter on August 18, 1998, advising Lawyer Casey that the Board had adopted the hearing officer's recommended decision "denying Mr. Whalen's request to use the $60,000.00 in question in the calculation of his final average salary." This August 18, 1998, letter from the Board to Lawyer Casey included a copy of the hearing officer's recommended decision, and an unsigned copy of the final order of the Retirement Board.[3]

Despite receiving copies of the recommended decision, the final order, and a letter from the Retirement Board in August 1998 stating that the matter was final and that the Board had denied Mr. Whalen's request to use the $60,000.00 buyout in the calculation of his final average salary, Lawyer Casey again wrote to the Retirement Board in December 1998, requesting "proper verification of a final order." The Retirement Board, by counsel, replied to Lawyer Casey on January 14, 1999. That letter states:

The signed copy of the Board's Final Order in Mr. Whalen's case is missing. I have, however, confirmed that Mr. Whalen's representative, Edward Stephenson, was provided with the Final Order, by certified mail. The letter, enclosing the Final Order, was signed by Ms. LaDonna Campbell, Secretary to the President of the West Virginia Education Association. I have enclosed a copy of the certified mail receipt demonstrating Mr. Whalen's representative's receipt and acceptance of the letter.

On August 18, 1998, I forwarded you a copy of the Board's Final Order, albeit an unsigned one. Also enclosed was a copy of the hearing officer's Recommended Decision which was adopted by the Board and referenced in the Final Order. Again, a copy of that letter, Recommended Decision, and Final Order is enclosed for your review.

Unfortunately, I cannot produce a signed Final Order if it is missing or no

---

3. Although the Retirement Board sent a signed copy of the final order on July 1, 1998, to Mr. Whalen's WVEA representative, Mr. Stephenson, the Board could not locate a signed copy of the final order when Lawyer Casey inquired about the status of the Board's decision. Though Lawyer Casey did not receive a signed copy of the final order in August 1998, the letter from the Retirement Board to Lawyer Casey clearly and unequivocally communicated that the Board ruled against Mr. Whalen and had issued its final order. The Retirement Board's August 1998 letter to Lawyer Casey was also sent directly to Mr. Whalen.

longer available. In any event, however, I believe that even an unsigned copy of this order, provided to both Mr. Whalen and you in August 1998, comports with the requirement of written notice of the Board's final administrative decision to the claimant and his representative.

After the Retirement Board sent this letter to Mr. Whalen's lawyer in January 1999, no action was taken in this matter until June 13, 2001, when Mr. Whalen filed a civil complaint in the Circuit Court of Mason County, naming the Mason County Board of Education and the Retirement Board as defendants.[4] Mr. Whalen's civil complaint requested the same relief he sought in his administrative appeal—to have the $60,000.00 buyout payment be considered "salary" and used when calculating his retirement annuity benefit. The Retirement Board filed a motion to dismiss in July 2001, asserting that Mr. Whalen sued the wrong party[5] and that his complaint was untimely filed.

On November 13, 2014, the circuit court granted Mr. Whalen's motion for summary judgment and denied the Retirement Board's motion for summary judgment and motion to dismiss. The circuit court's order awarded Mr. Whalen the following relief:

Wherefore it is accordingly Ordered that the Defendant [Retirement Board] is ordered to re-calculate the Plaintiff's retirement benefits using the additional $60,000.00 of income in the next to the last year or [sic] employment—contrary to the administrative law judge's recommendation—and it is accordingly Ordered that the Plaintiff is awarded Damages equal to the difference between his actual retirement payments and the payments he should have received since 1996, with pre and post-judgment interest thereon.

After entry of this order, the Retirement Board filed the present writ with this Court. On February 4, 2015, this Court entered an order directing Mr. Whalen to show cause why relief in prohibition should not be awarded.

**II.**

**STANDARD OF REVIEW**

This Court has previously addressed our standard of review for a writ of prohibition. "The writ of prohibition will issue only in clear cases, where the inferior tribunal is proceeding without, or in excess of, jurisdiction." Syllabus, *State ex rel. Vineyard v. O'Brien*, 100 W.Va. 163, 130 S.E. 111 (1925); *see also* Syllabus Point 1, *Crawford v. Taylor*, 138 W.Va. 207, 75 S.E.2d 370 (1953) ("Prohibition lies only to restrain inferior courts from proceeding in causes over which they have no jurisdiction, or, in which, having jurisdiction, they are exceeding their legitimate powers and may not be used as a substitute for writ of error, appeal or certiorari."); Syllabus Point 2, *State ex rel. Peacher v. Sencindiver*, 160 W.Va. 314, 233 S.E.2d 425 (1977) ("A writ of prohibition will not issue to prevent a simple abuse of discretion by a trial court. It will only issue where the trial court has no jurisdiction or having such jurisdiction exceeds its legitimate powers. W.Va.Code 53–1–1.").

Further, in Syllabus Point 4 of *State ex rel. Hoover v. Berger*, 199 W.Va. 12, 483 S.E.2d 12 (1996), we set forth the following standard for issuance of a writ of prohibition when it is alleged a lower court is exceeding its authority:

In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower

---

4. The Retirement Board was named as a defendant in its capacity as the administrator of the West Virginia Public Employees Retirement System. Mr. Whalen's lawsuit against the Board of Education was eventually dismissed. The record is not clear on when this dismissal occurred.

5. Mr. Whalen sued the West Virginia Public Employees Retirement System. The Retirement Board contends that Mr. Whalen has never been a member of or contributed to the West Virginia Public Employees Retirement System. Instead, Mr. Whalen was a member of the West Virginia Teachers Retirement System. The Retirement Board asserted that the Teachers Retirement System, established by W.Va.Code § 18–7A–1 [1941], is a separate and distinct retirement plan from the Public Employees Retirement System, which is established by W.Va.Code § 5–10–1 [1961].

tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

With the foregoing in mind, we turn to the parties' arguments.

## III.

### ANALYSIS

■ The Retirement Board asserts that the circuit court exceeded its legitimate authority by "accepting an untimely filed petition for administrative review which was filed as a civil action." Further, the Retirement Board asserts that the issuance of a writ is necessary to prevent "potential irreparable harm to the Public Employees Retirement System trust fund, a fund in which Mr. Whalen has never contributed to or been a member." Thus, the Retirement Board argues that it is entitled to relief in prohibition based on the second and third *Hoover* factors.

Our review begins with an analysis of two issues: (1) whether the civil complaint Mr. Whalen filed in the circuit court in 2001 was an appeal of the Retirement Board's 1998 administrative decision, and (2) if the civil complaint was an appeal of the administrative decision, whether it was timely filed.

The parties are in agreement that the complaint filed by Mr. Whalen in 2001 was an

appeal of the 1998 administrative decision issued by the Retirement Board. Mr. Whalen's brief to this Court states, "The complaint in this matter suffices as an appeal of the hearing examiner's decision." The circuit court's order granting Mr. Whalen's motion for summary judgment treated Mr. Whalen's complaint as an appeal of the 1998 Retirement Board decision. The circuit court's order states that in granting Mr. Whalen's motion for summary judgment, its ruling is "contrary to the decision of the administrative law judge's recommendation." The Retirement Board also agrees that Mr. Whalen's complaint is, in essence, an appeal of the Retirement Board's 1998 administrative decision. Finally, we note that the relief Mr. Whalen requested in his civil complaint was the same relief he requested in the administrative proceeding. Based on the foregoing, it is clear that Mr. Whalen's 2001 civil action was filed as an appeal of the 1998 Retirement Board's decision. We therefore proceed to consider whether Mr. Whalen's appeal of the Retirement Board's decision was filed within the time period specified in W.Va.Code 29A–5–4(b) of the State Administrative Procedure Act.

The resolution of this issue begins with a review of our rules of statutory construction. This Court has held that in deciding the meaning of a statutory provision, "[w]e look first to the statute's language. If the text, given its plain meaning, answers the interpretive question, the language must prevail and further inquiry is foreclosed." *Appalachian Power Co. v. State Tax Dep't*, 195 W.Va. 573, 587, 466 S.E.2d 424, 438 (1995); *see also* Syllabus Point 2, *Crockett v. Andrews*, 153 W.Va. 714, 172 S.E.2d 384 (1970) ("Where the language of a statute is free from ambiguity, its plain meaning is to be accepted and applied without resort to interpretation."); and Syllabus Point 2, *State v. Epperly*, 135 W.Va. 877, 65 S.E.2d 488 (1951) ("A statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect.").

W. Va.Code § 29A–5–4(b) provides that a petition for review of an administrative deci-

sion must be filed within thirty days after the petitioner receives notice of the final order or decision of the agency. It states:

> **Proceedings for review shall be instituted by filing a petition,** at the election of the petitioner, in either the Circuit Court of Kanawha County, West Virginia or in the circuit court of the county in which the petitioner or any one of the petitioners resides or does business, or with the judge thereof in vacation, **within thirty days after the date upon which such party received notice of the final order or decision of the agency.** A copy of the petition shall be served upon the agency and all other parties of record by registered or certified mail. The petition shall state whether the appeal is taken on questions of law or questions of fact, or both. No appeal bond shall be required to effect any such appeal.

*Id.* (emphasis added).[6]

This Court discussed W. Va.Code § 29A–5–4(b) in *West Virginia Division of Motor Vehicles v. Swope,* 230 W.Va. 750, 755, 742 S.E.2d 438, 443 (2013), stating:

> After careful consideration, this Court cannot conclude that W. Va.Code, 29A–5–4(b) [1998], means less than what it plainly states. A party adversely affected by an administrative order or decision in a contested case must file the petition for appeal in circuit court "within thirty days after the date upon which such party received notice of the final order or decision of the agency."

Based on the plain language of W.Va.Code § 29A–5–4(b), Mr. Whalen was required to file his petition for appeal in the circuit court within thirty days after the date upon which he received notice of the final order or decision of the Retirement Board.

The Retirement Board provided the final order and notice of its decision to Mr. Whalen on three separate occasions. On the first occasion, July 1, 1998, the Board sent Mr. Whalen's WVEA representative, Mr. Stephenson, a certified letter stating that the Board had adopted the recommended decision of the hearing officer denying Mr. Whalen's request to include the $60,000.00 buyout payment as "salary." This certified letter included a copy of the Board's final order that was signed by James L. Sims, the executive secretary of the Retirement Board. The July 1, 1998, letter provided Mr. Whalen with clear notice of the Retirement Board's decision. After receiving the July 1998 letter, Mr. Whalen hired a lawyer.

The Retirement Board sent a letter to Mr. Whalen's lawyer, Lawyer Casey, on August 18, 1998. A copy of this letter was also sent directly to Mr. Whalen. This letter provided a clear and unequivocal statement notifying Lawyer Casey and Mr. Whalen of the Board's decision: "[A]t its regular meeting on June 30, 1998, the Retirement Board considered the hearing officer's Recommended Decision and the issue raised by Mr. Whalen's appeal, and voted to adopt the hearing officer's recommendation." The August 18, 1998, letter included a copy of the hearing officer's recommended decision and a copy of the final order. While the copy of the final order contained in the August letter was unsigned, this letter nevertheless provided a clear statement of the Retirement Board's decision.

The Retirement Board sent a third letter to Mr. Whalen on January 14, 1999. Like the July and August 1998 letters, the January 1999 letter provided a clear statement of the Board's decision denying Mr. Whalen's

---

**6.** Rule 2(b) [2008] of the West Virginia Rules of Procedure for Administrative Appeals states:

> Time for Petition.—No petition shall be filed from a state agency decision or final order in a contested case after the time period allowed by law. The petition shall be filed in the office of the circuit clerk of the circuit court in which venue lies by law, within 30 days after the petitioner receives notice of the final order or decision from the agency, unless otherwise provided by law.

*See also West Virginia Bd. of Med. v. Spillers,* 187 W.Va. 257, 259, 418 S.E.2d 571, 573 (1992) ("[P]rocedures for appeals of decisions by administrative agencies are governed by the State Administrative Procedures Act."); *Johnson v. Commissioner, Dep't. of Motor Vehicles,* 178 W.Va. 675, 677, 363 S.E.2d 752, 754 (1987) ("That statute is a part of this state's administrative procedures act and generally provides for judicial review of contested administrative cases, allowing a court to reverse, vacate, or modify an agency's decision on certain grounds.").

appeal. The January 1999 letter was sent to both Lawyer Casey and Mr. Whalen and included a copy of the hearing officer's recommended decision and an unsigned copy of the final order. While the January 1999 letter acknowledged that the Board could not locate a signed copy of the final order, it provides, "I believe that even an unsigned copy of this order, provided to both Mr. Whalen and you in August 1998, comports with the requirement of written notice of the Board's final administrative decision to the claimant and his representative."

■ Mr. Whalen does not dispute that he received notice of the Retirement Board's decision in July 1998, August 1998, and January 1999. Instead, Mr. Whalen asserts that because the final order the Board sent him in August 1998 and January 1999 was unsigned, the thirty-day appeal period contained in W.Va.Code § 29A–5–4(b) did not begin to run. In its order granting Mr. Whalen's motion for summary judgment, the circuit court agreed with this argument, stating:

> While the Defendant [Retirement Board] is correct that the rules require that an appeal from the Retirement Board's decision must be filed within 30 days of the receipt of the order adopting the recommended decision, the Plaintiff did not receive a signed copy of the order. . . . Thus, in the same way an Order is not valid unless signed by the Court or a law is not effective unless signed by the Governor, the receipt of an unsigned Order does not begin the running of the appeal deadline.

While the circuit court's order correctly notes that a party has thirty days to appeal an administrative decision, the order does not cite W.Va.Code § 29A–5–4(b), nor does it discuss the actual language contained in the statute. Further, the circuit court's order

does not cite any case law or statutory law supporting its ruling that the thirty-day appeal period does not begin to run until a party receives a "signed copy of the final order."

W.Va.Code § 29A–5–4(b) provides a straightforward and clear statement of when an appeal of an administrative decision must be filed: "within thirty days after the date upon which such party *received notice of the final order* or *decision of the agency." Id.* (emphasis added). In the present case, it is undisputed that Mr. Whalen was provided with notice of the decision of the Retirement Board on (1) July 1, 1998, (2) August 18, 1998, and (3) January 14, 1999. Mr. Whalen filed his appeal of the Retirement Board's decision on June 13, 2001. Thus, under the plain language of W.Va.Code § 29A–5–4(b), Mr. Whalen's appeal was not filed within thirty days of receiving notice of the decision of the Retirement Board and his appeal is therefore time barred.[7]

Because Mr. Whalen did not file a timely appeal of the Retirement Board's 1998 order, we find that the circuit court's order granting Mr. Whalen's motion for summary judgment and denying the Retirement Board's motion for summary judgment and motion to dismiss is clearly erroneous as a matter of law.[8]

## IV.

## CONCLUSION

Accordingly, for the reasons stated above, we find that the Retirement Board is entitled to a writ of prohibition to prohibit the enforcement of the circuit court's November 13, 2014, order granting Mr. Whalen's motion for summary judgment and denying the Retirement Board's motion for summary judgment and motion to dismiss. We therefore vacate the November 13, 2014, order of the Circuit

---

7. Mr. Whalen was also provided with a copy of the final order from the Retirement Board on three occasions. While the August 1998 and January 1999 final orders the Retirement Board sent Mr. Whalen were unsigned, the July 1998 final order sent to Mr. Whalen's WVEA representative was signed. Thus, even under the circuit court's ruling that the thirty-day appeal period does not begin to run until a party receives a signed copy of the final order, Mr. Whalen's

appeal was untimely filed because his WVEA representative received a signed copy of the final order in July 1998.

8. The Retirement Board raised a number of additional assignments of error in this writ. Because we find that Mr. Whalen's complaint was untimely filed, we need not address the Board's additional assignments of error.

Court of Mason County and dismiss with prejudice Mr. Whalen's complaint (appeal) against the Retirement Board because it was untimely filed under the plain language of W.Va.Code § 29A–5–4(b).

Writ Granted.